LOUIS TIEMANN v. MATILDA TIEMANN.

1. In decreeing a divorce *a vinculo* on the suit of the wife, the district court decreed to the plaintiff a certain town lot, which appeared to be community property ; and in the decree adjudged that " all title and claim set up to the same by the defendant is hereby annulled and vacated," and that the defendant be enjoined from interfering, etc.  *Held*, that the decree, if within the competency of the court, would operate to divest the defendant of title to real estate ; and as it was not within the power of the court to divest such title, the decree could not be sustained.  (Paschal's Digest, article 3452.)

2. On the suit of a married woman for a divorce *a vincu'o*, the court below decreed the divorce, and awarded to the plaintiff the custody of the only child of the marriage.  *Held*, that this virtually constituted the wife the

head of the family, and therefore there was no error in further decree-ing to her the use of the homestead, which was community property. But it was not within the power of the court to give her more than a life estate in it; and this court reforms the decree so as to give to the wife the sole use and right to occupy the homestead during the term of her natural life.

ERROR from Guadalupe. Tried below before the Hon. J. J. Thornton.

This suit was based on the third section of the act of 1841, Paschal's Digest, article 3451. The petition of the wife, who was plaintiff below, alleged various acts of her husband toward her, as "excesses, cruel treatment and outrages," of an insupportable character.

The opinion of the court relates only to the errors committed by the court below in the relief granted by its decree, and the particular allegations of the parties are not necessary to elucidate the rulings made.

*John P. White*, for the plaintiff in error.—I. The judgment of the court is erroneous, in that it divests defendant, without his consent, of his entire interest in the homestead, and vests the same in the plaintiff.

The constitutions of this State have always exempted the homestead from forced sale. (See Constitution of 1845, § 22, General Provisions, article 7, Paschal's Digest, 65; Constitution of 1866, § 22, General Provisions, article 7, Paschal's Digest, 941; Constitution of 1869, § 15, General Provisions, article 12, 36.)

So the act of November 10, 1866, (acts 11 Legislature, 160,) reserves to "every citizen, head of a family, etc., free and independent of the power of a writ of *fieri facias*, or other execution issuing from any court of competent jurisdiction whatever," a homestead.

Whilst the decree in this case did not order the sale of the

homestead, yet its effect was more summary and arbitrary, and such a forced alienation is tantamount in every respect to a forced sale. (Sampson v. Keene & Williamson, 6 Texas, 102; Hamblin v. Warnecke, 31 Texas, 91.)

II. The judgment is in direct conflict with the latter clause of article 3452, Paschal's Digest.

The case of Craig v. Craig, 31 Texas, 203, is relied upon as conclusive authority in this case.

*John Ireland*, for the defendant in error.

WALKER, J.—This case is brought before this court for a revision of the judgment of the district court.

The defendant in error, Matilda Tiemann, filed her petition in the court below for a divorce from the bonds of matrimony between herself and her husband, L. Tiemann. The petition alleges the marriage of the parties; that they had one child, the issue of the marriage; and real and personal property, included in which was lot five in block thirty-seven of the inner lots of the town of Seguin, which was claimed by the plaintiff to be community property, and the homestead of the parties. The cause was tried at the May term, 1870, and a decree entered by the court, dissolving the bonds of matrimony between the parties, and giving to the plaintiff the custody and control of the child, and also decreeing to her the lot in the town of Seguin, mentioned in the petition.

· The defendant moved for a new trial, which was overruled, and he sued out a writ of error, and assigns as one ground of error that the decree disposes of and dispossesses him of his homestead, contrary to law and without his consent. The decree contains the following language: "The house and lot on hand, which constituted the homestead at the separation. situated in the town of Seguin, to-wit, lot number five in block number thirty-seven, of the inner lots of Seguin, be and the same is hereby decreed to the plaintiff, and all title or claim set up to

the same by defendant is hereby annulled and vacated. And it is ordered and decreed that the defendant be, and he is hereby enjoined from molesting or in any way interfering with plaintiff, her said child, or the house and lot aforesaid."

We are of opinion that this decree cannot be supported by the law, in that it does operate to divest the title of the defendant in the house and lot in Seguin. (Paschal's Digest, article 3452.)

There is no statement of facts in the record from which we can derive a knowledge of the true light in which the parties placed themselves before the court.

We gather from the decree that the plaintiff was entrusted with the custody of the child, named in the petition as the fruit of the marriage. This virtually considers her the head of the family, and we think the court very properly decreed her the use of the homestead; but it was not in the power of the district court to give her more than a life estate in it, and it must therefore be amended so that the plaintiff shall take under it the sole use and right to occupy the said house and lot in the town of Seguin, for and during the term of her natural life, and the decree of the district court, being thus amended, is affirmed.

Judgment reformed.