## KORN et vir. v. STEIN.

### No. 14131.

Court of Civil Appeals of Texas. Dallas.

Nov. 4, 1949.

Rehearing Denied Dec. 2, 1949.

Max R. Rosenfield, Elihu E. Berwald and Chas. S. McCombs, all of Dallas, for appellants.

McNees & McNees, of Dallas, and Louis R. Connell, of Chicago, Ill., for appellee.

BOND, Chief Justice.

This is an appeal from a judgment of a District Court of Dallas County, wherein the court "changed and modified" a decree of the Superior Court of Cook County, Illinois, of November 27, 1946, directing appellant Charmion Korn to take her minor child to Chicago in June 1949 so as to be in appellee's home "during the three week-ends from June 4, 1949 to June 30, 1949" and to visit his father during other days of the period; also directing the plaintiff Sheridan Stein to provide transportation for said Charmion Korn and their minor child, and thereafter in June of each year beginning with the year 1950, the child to be two weeks with his father in Chicago.

In November 1946, appellant Charmion Korn (then Charmion Stein) instituted suit against appellee Sheridan Stein in the Superior Court of Cook County, Illinois, and obtained a divorce and "sole care, custody, education, and control" of their then 21-months-old child (subject of this suit), with leave to the father to have visitation and temporary custody privileges with the child. The court directed the father to pay to the mother, for the use and benefit of their child, the sum of $45 per month until the child becomes of age. Then on January 22, 1948, the Illinois Court, on application of the mother and after being fully advised in the premises, entered a further order granting leave to the mother to take the child (for his physical welfare) out of the jurisdiction of the State of Illinois, to a milder climate —"from the date of the order to and including May 31, 1948"; and decreed that, when returned to Chicago, the child shall temporarily reside with the father during the period commencing June 1, 1948 and terminating September 30, 1948; the mother, during such period, to have visitation privileges with the child. This last decree further recited that "nothing in the order shall be construed to alter, modify or in any way diminish the right of Charmion Korn (she having remarried) to the sole care, custody, education, and control of Sheridan Richard Stein, as provided in the decree for divorce entered on November 27, 1946."

The plaintiff (appellee) predicated his right to have the child taken to Chicago and his right of visitation and temporary custody of the minor child while in Chicago, upon the provisions of the aforesaid Illinois judgment. He does not seek visitation or custody of the child while in Texas, where the mother and child had adopted permanent residence; and the

proof shows that the father has not been deprived of the rights accorded to him under the Illinois judgment. There is nothing in the judgment of the Illinois Court compelling the mother, or the child, to continue their residence within the jurisdiction of that court, if, in law, the court had such jurisdiction. The only contention of the father is that he wished to have the child taken back to Chicago, out of the jurisdiction of Texas Courts;—a purely personal appeasement. Certainly, his feeling is of secondary concern. Manifestly, it would be better for the child and all concerned, for the father to make occasional visits to Texas and, under the jurisdiction of Texas Courts, there enjoy the privileges decreed to him by the Illinois Court, fully protected under the "full faith and credit" clause of the Federal Constitution, Art. 4, sec. 1; rather than to have the mother compelled, against her will, to take the child annually to Chicago, subject to the jurisdiction of a court of that state in which she and the child do not reside.

Courts everywhere extend protective welfare to such minors. A subsequent material change of condition, affecting the welfare of the child, brings into being a new and independent cause of action cognizable in the court having jurisdiction of the child. Whether expressed or not, the law writes into each of such judgments affecting the welfare of children, in substance, that its finality ends when and if conditions affecting the welfare of the child have materially changed. "That welfare is the concern of sovereignty, as the guardian of persons under disability, and in a very real sense the state is interested in the result, though not a nominal party." Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 168, 116 A.L.R. 1293; Oldham v. Oldham, Tex.Civ.App.,

135 S.W.2d 564, writ ref. In order, therefore, for appellee to "change and modify" the judgment of the Superior Court of Cook County, Illinois, it was incumbent upon him to allege and prove that the conditions prompting the decree in awarding the sole custody and control of the minor child to appellant, had so materially changed since the rendition of the judgment as to render it for the best interest of the minor. The record evidence shows that there has been no change in conditions as to bring about a new and independent cause of action as to the welfare of the child. The only change in conditions is that the mother and father have each remarried, and the mother and child have moved their residence from Chicago to Dallas. The health of the child is shown to be substantially better since moving to Dallas and that a return to Chicago, even for a short period of time, would not be to the betterment of the child's welfare. In absence of changed conditions *affecting the welfare of the minor,* the decree of the Illinois Court must be respected under the "full faith and credit" clause of the Federal Constitution, supra, enforceable within the jurisdictional limits of this State. The courts of this State, as here, are without jurisdiction to make orders and decrees effective or enforceable outside their jurisdiction.

We therefore are of the opinion that the trial court erred in directing appellants to take the minor child back to Chicago, and there turn the child into the custody of appellee. The judgment here should affirm all rights of the parties under the decree dated November 27, 1946, by the Superior Court of Cook County, Illinois, to be exercised in accordance with the provisions of the said Illinois decree within the jurisdictional limits of Texas. It is so ordered.

Reversed and rendered for appellants.