Ray E. KIER, Appellant,

v.

F. L. FAHRENTHOLD and G. W. Fahrenthold, Appellees.

No. 13110.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 20, 1957.

Rehearing Denied March 20, 1957.

L. L. Gragg, Corpus Christi, for appellant.

William E. Nicholas, James H. Miller, Sinton, for appellees.

BARROW, Justice.

This is a suit in trespass to try title. The case was tried in the lower court without a jury. It is a suit by appellant for title and possession of a tract of land 1,320 feet in length and 45 feet in width at its northerly end, and 36 feet in width at its southerly end, out of Lot 13, Block J., of the Burton and Danforth Subdivision in San Patricio County, Texas. Appellant, Ray E. Kier, was the owner of Lot 13, Block J, and the appellee G. W. Fahrenthold was the owner of Lot 14, Block J, of such subdivision. On February 23, 1955, appellant contracted to sell appellee F. L. Fahrenthold a strip of land 1,320 feet long by 45 feet wide at its northerly end and 36 feet wide at its southerly end, out of Lot 13, Land Block J, of such subdivision. On February 28, 1955, this contract was completed by the delivery of a deed and payment of the consideration of $250. There is no controversy between the parties and the tract conveyed by appellant to appellee F. L. Fahrenthold is a tract of the dimensions above described, which lies immediately east of Lot 14 in

such block. This controversy arose between the parties as to the location of the boundary line between these two lots.

The trial court found that the common boundary line between Lots 13 and 14 is an old fence line, extending in a northerly and southerly direction the length of such lots, and is located approximately eight feet east of a residence occupied by appellee G. W. Fahrenthold. The court also found that appellant had failed to identify the land sued for in his petition. The court accordingly entered judgment for the appellees that appellant take nothing, and found for appellee F. L. Fahrenthold on his cross-action. From that judgment appellant prosecutes this appeal.

The parties will be referred to as plaintiff and defendants, as they were in the trial court. The boundaries will be referred to as east, west, north and south, although they do not lie exactly in those directions. Block J of the Burton and Danforth Subdivision comprises a series of lots, bounded on the east by Ingleside Avenue, on the west by Avenue A, on the north by 16th Street, and on the south by 17th Street. Lot 13, owned by the plaintiff, and Lot 14, owned by the defendant G. W. Fahrenthold, according to the plat of such subdivision, have a width of 330 feet on the north and south ends and a length of 1,320 feet on the east and west sides, Lot 14 being immediately to the west of and adjoining Lot 13. Plaintiff contends that the deed of February 28, 1955, conveyed a tract of land which he claims was bounded on the west by the true boundary line between Lots 13 and 14, and on the east by an old wire fence extending from 17th Street to a point near 16th Street, between which boundaries were situated the home, windmill, barn and other improvements of G. W. Fahrenthold. On the other hand, defendants contend that the old wire fence is the true boundary line of Lots 13 and 14, and that the deed conveyed a tract that lay immediately east of said fence, so that we have two tracts of the same size and shape, one

on each side of the old fence claimed by the respective parties to have been conveyed by said deed, depending entirely upon the true location of the boundary line of said lots. The trial court filed findings of fact and conclusions of law, and refused additional findings and conclusions requested by plaintiff. The record in this cause is quite voluminous. We have carefully examined the same and are of the opinion that the trial court's findings are fully supported by the evidence. Moreover, we believe that the court properly refused additional findings requested by plaintiff, for the reason that they were either immaterial or in conflict with the findings made by the trial court or the necessary implications to be drawn therefrom, and for the further reason that the findings and conclusions filed by the court were comprehensive of all the issues in the case.

The plaintiff assails the judgment upon thirty-three points, but each and all of said points revolve around the one issue: the location on the ground of the boundary line between Lots 13 and 14, Block J, of the Burton and Danforth Subdivision. It appears from the record that what is known as the official plat of said subdivision was prepared by one P. L. Telford, a land surveyor, from an office plat, and not from a survey on the ground. Mr. Telford, while testifying as a witness for the plaintiff, said that in preparing this plat he copied the plat theretofore made by John A. McClure, that prior thereto McClure made a survey and plat of what is known as the McCampbell Tract, which is situated across Avenue A from the Burton and Danforth Subdivision. Witness Telford admitted that at the time of the making of his plat he made no check to see if it overlapped into the McCampbell Tract, but since that time he had checked and found that apparently it does overlap and there is a shortage, that is, there is not enough room between Avenue A and Ingleside Avenue for all the lots in Block J, of the width of each as called for on his plat. He further testified that in order to locate the boundary line between Lots 13 and 14 to the west of the Fahrenthold home, as he did, it would be necessary for the west end of Block J to overlap Avenue A. George W. King, a surveyor and witness for plaintiff, testified that there is a shortage between Avenue A and Ingleside Avenue. Surveyors McClendon and Brashear, witnesses for defendants, both testified to the shortage and further testified that the boundary line between Lots 13 and 14 of the Burton and Danforth Subdivision could not be located on the ground by reference to the Telford plat. Therefore, it is obvious that the trial court's finding to the effect that plaintiff failed to locate the true boundary line between Lots 13 and 14 of said subdivision, is supported by the evidence, and its conclusion based thereon, that the plaintiff failed to locate property he sued for is correct.

The evidence in this case shows that in the year 1918 one Santos Lamos, who at that time owned Lot 14, built a fence on what he took to be the line between Lots 13 and 14, Block J, of the Burton and Danforth Subdivision, that said fence is still there and is the fence just eight to ten feet east of the Fahrenthold house, that it is the old fence referred to above. The evidence further shows that the house was built about the year 1930, and that during most of the time from 1918 to the present time the owners of Lot 13 have lived in that vicinity and have acquiesced in said fence as the boundary line between said lots. It is noteworthy that the old fence on the west side of Lot 14, is within inches of the 330 feet called for by the plat, from the old fence recognized as the east boundary line, and that the west boundary line fence lines up with the boundary between the two corresponding lots across 16th Street, as they are shown to align according to the plat.

It has long been the settled law in this State, that where a boundary line is in doubt, acquiescence for a long period of

time is entitled to great weight in determining the boundary line. A strong presumption is indulged that such line is the correct line, and such presumption is strengthened by lapse of time. Gulf Oil Corporation v. Marathon Oil Company, 137 Tex. 59, 152 S.W.2d 711; Lecomte v. Toudouze, 82 Tex. 208, 17 S.W. 1047; Lagow v. Glover, 77 Tex. 448, 14 S.W. 141; Foster v. Duval County Ranch Co., Tex.Civ.App., 260 S.W.2d 103; 7 Tex.Jur. 202, § 59.

In view of the fact that this old fence has been so located for thirty-eight years, as found by the trial court, that improvements have been made through the years in reliance thereon, which improvements were open and visible, the trial court was justified in finding that the fence had been recognized and acquiesced in by all concerned, and in concluding that it is the established boundary line, and that plaintiff is estopped to deny such boundary. Plaintiff argues, in his brief, that the evidence in this case establishes beyond dispute that his boundary line is the correct boundary line. With this contention we cannot agree, in view of the facts in this case, and it is overruled.

Inasmuch as what we have said disposes of this entire controversy, we shall not discuss plaintiff's points separately. Each and all of them are overruled.

Having reached the conclusion that plaintiff wholly failed to establish any title to the land he sued for, the trial court was correct in the judgment that plaintiff take nothing by his suit. Furthermore, having established that said old fence is the west boundary line of Lot 13 and the east boundary line of Lot 14, it follows that the land in controversy in this suit is the same land conveyed by the plaintiff to the defendant F. L. Fahrenthold. Therefore, the defendant Fahrenthold was entitled to recover, on his cross-action, title to the land in controversy. Finding no error, the judgment is affirmed.