John B. POINDEXTER, Jr., et al.,
Appellants,

v.

Fern Poindexter O'NEILL et vir, Appellees.

No. 15910.

Court of Civil Appeals of Texas.

Fort Worth.

May 2, 1958.

Justice, Justice & Kugle and William H. Kugle, Jr., Athens, for appellants.

Clyde & Barnes and Eva Barnes, Fort Worth, for appellees.

## PER CURIAM.

■ The minor child of John B. Poindexter, Jr., and Fern Poindexter was born in 1943. Said parents were divorced in 1948 and, pursuant to the divorce decree, custody of their child was awarded to the father, with the provision that the physical custody of the child be with his grandmother. From the date of the divorce the boy resided in Henderson County pursuant to the custody decree. In the interim period his mother married Michael H. O'Neill. For several years she and her husband have been living in Tarrant County. She made regular visitations with her son, and in the summer of 1957 he visited with her for several weeks at her home, returning to Henderson County for the beginning of the school year.

Almost immediately after the school year had begun, a brother of his mother appeared at the school he was attending and talked with him, whereupon he left Henderson County with said uncle and went to Tarrant County. His mother was out of town at time of his arrival, and before her return he found his way to the office of the Juvenile Officer for Tarrant County upon the following day, and informed him that he had run away from home and that he wanted to stay in Fort Worth with his mother.

Promptly thereafter the boy's mother (joined by her husband) filed a petition in sworn form, in the dual nature of a suit for change of custody and as an affidavit in a dependency action. Citation was served upon the boy's father and grandmother and they filed a plea of privilege to be sued in Henderson County. The mother then dismissed her suit in so far as same pertained to custody, and further proceedings were in accord with proceedings under the "dependency" statutes, Vernon's Ann.Tex.Civ.St. art. 2330 et seq. Judgment decreeing the boy a "dependent and neglected child" was entered and he was turned over to the care and custody of the Chief Probation Officer of Tarrant County, with provision in the decree that he be permitted to remain in the home of his mother.

From this judgment the boy's father and grandmother have perfected an appeal grounded upon the proposition that the evidence was insufficient to support the judgment entered.

■■ Upon an examination of the evidence we are convinced that it could not be construed to demonstrate more than that it would be for the best interests of the boy that his custody be awarded to his mother in the place and stead of his father and grandmother. Of course, such would be a proper matter to be determined in a suit for custody, or change of custody. In such a determination, the venue of the action would lie in Henderson County. Lakey v. McCarroll, 1940, 134 Tex. 191, 134 S.W.2d 1016.

The only part of Art. 2330 which might be said to have application in a test of whether the boy should be declared "dependent" or "neglected" would be the part which provides that one "who has not proper parental care or guardianship" may be declared a dependent child. But it is obvious from the record that the boy's personal preference was to reside in Tarrant County with his mother, rather than in Henderson County with his grandmother. It is to be noted that in the interrogation of the boy upon the hearing, counsel for his mother asked him at the outset, "You understand it (the suit) is a controversy

as to whether you should go back to Athens, * * * and live with your grandmother?" Of course that was not the question in a dependency action. However, we do believe that it demonstrates that the hearing was an attempted trial of a custody case under the guise of a dependency action, in order to maintain the "complainant's" choice of forum. Even were the choice of remedies available, we have grave doubt that the courts would ever maintain that a dependency suit could be for the best interests of a minor child under the circumstances displayed in the record before us.

It has been stated that it was the intention of the Legislature, in view of the "dependency" statutes, to make it the public policy of this state that when the natural parents of a child abandon or so neglect a child as to cause it to become a dependent or neglected child within the meaning of the statute, they thereby forfeit their superior right to the custody of the child as effectively may be declared in a dependency proceeding. De Witt v. Brooks, 1944, 143 Tex. 122, 182 S.W.2d 687, 694. It would necessarily follow that under like circumstances persons other than natural parents, having legal custody, would likewise suffer forfeiture of their superior right as same might exist under prior custody judgment decree.

■ One must not forget that where one parent of a minor child is deprived of its custody through a decree pursuant to divorce, with custody of such child lodged in the other parent, the one to whom the child is awarded has a right thereto "superior only" to the right of the other parent. Such other has a right of custody superior to all third persons, and in the event of the death of the parent to whom the child is awarded, such other is prima facie entitled to succeed to the custody, and should ordinarily prevail in a suit for custody as against third persons if he

or she is a suitable person to have custody. 15–B Tex.Jur., p. 44, "Divorce and Separation," XV "Custody and Support, " A. "Award of Custody," sec. 235, "In General"; State ex rel. Wood v. Deaton, 1900, 93 Tex. 243, 54 S.W. 901. Such principle is a part of the public policy of this state which remains unaltered either perforce De Witt v. Brooks, supra, or Taylor v. Meek, 1955, 154 Tex. 305, 276 S.W.2d 787.

In this dependency proceeding the child's mother stood in no other or different position with respect to this child than would any other person if the mother had been dead and the child had been given into the custody of the father by virtue of his rights as natural guardian and an interested third person had invoked the jurisdiction of the juvenile court for the purpose of taking the child away from the father and giving it into the custody of the state. In re People in Interest of McChesney (McChesney v. McChesney), Sup. Ct.Colo.1938, 103 Colo. 115, 83 P.2d 772.

In the situation posed we believe that where the parent or other person with custody might properly suffer a forfeiture of the superior right to custody because the child appears to be dependent or neglected within the meaning of the statute, an adjudication of dependency will nevertheless not be permitted to stand where the evidence upon the hearing affirmatively discloses that the other parent is a fit and suitable person to have the custody, and stands ready, willing and able to discharge the obligations incident to custody.

In such state the record appears in the instant case. That being so, the other evidence apparent in the record is to be deemed insufficient to support a decree of dependency. Such conclusion is like unto that of the Supreme Court of Colorado in the McChesney case, supra.

Judgment is reversed, and under the exigencies of the case the action is dismissed.