Kathy Faye ADAMS et vir, Appellants,

v.

Cecil Ray MESSER et al., Appellees.

No. 6952.

Court of Civil Appeals of Texas.

Amarillo.

April 18, 1960.

Rehearing Denied May 23, 1960.

P. Z. Sullivan, Odessa, for appellants.

Bruce L. Miller, Hereford, for appellees.

NORTHCUTT, Justice.

Kathy Faye Messer brought suit against Cecil Ray Messer for a divorce, for the care and custody of their two minor children, and for division of certain community property. In the suit Mrs. Messer prayed for title and possession of certain real estate. Mr. Messer was duly cited to appear in said divorce proceedings but wholly made default. Judgment was entered on August 27, 1958, granting Kathy Faye Messer a divorce from Cecil Ray Messer and granting her full custody, care, and control of the two minor children under the supervision of Deaf Smith County Child Welfare Board and gave her as her sole separate property certain real estate and to Mr. Messer certain personal property as his separate property. The term of court at which the divorce judgment was entered concluded on February 2, 1959. Mr. Messer testified he knew before January 2, 1959, about the divorce being granted and that the clerk sent him a copy of the decree but he didn't know Mrs. Messer was claiming the real estate as her separate property until after February 4, 1959. Mrs. Messer thereafter married Robert F. Adams and at the time of this trial they were living in Ector County, Texas.

The present suit was brought by Cecil Ray Messer and Deaf Smith County Child Welfare Board as plaintiffs, hereinafter styled appellees, against Kathy Faye Adams and husband Robert F. Adams as defendants, hereinafter styled appellants, seeking to have the court to set aside that portion of the divorce judgment in Cause No. 4071 relating to the real property and to decree the real estate to be Mr. Messer's separate property. In this same action it was sought to have the judgment set aside as to child support and that Mr. Messer be granted the full custody, care, and control of the two minor children because of changed conditions. Mr. and Mrs. Adams filed their plea

of privilege to be sued in Ector County where they resided. This plea of privilege was controverted, and upon a hearing by the court, the plea of privilege was overruled and from this order appellants perfected this appeal.

Appellees seek to hold venue of this case in Deaf Smith County upon the ground that it is a case of trespass to try title involving lands located in Deaf Smith County and because of fraud perpetrated upon the District Court of Deaf Smith County, thereby causing the court in Cause No. 4071 to hold the real estate here involved was separate property of Kathy Faye Messer, now Kathy Faye Adams. The judgment of the court in Cause No. 4071 stated that Mr. Messer was duly and legally cited to appear therein but wholly made default. Since Mr. Messer was duly and legally cited he was served with a copy of the petition in this case which showed that Mrs. Messer was claiming the property as community property and sought to recover the title and possession thereof. Rule 101, Texas Rules of Civil Procedure.

The court in said Cause No. 4071 granted a divorce and in making property settlement therein gave Mrs. Messer as her sole separate property the real estate here in question. Under the holding of the Supreme Court in the case of Hailey v. Hailey, 331 S.W.2d 299, the court had the right to make such disposition. We do not think a party can fail to present his cause in due time and thereafter seek relief without showing a just cause. Appellee, Messer, testified in this hearing that the appellant, then Mrs. Messer, did not say anything about the title to the property hearing in question. The only evidence he gave as to any fraud was that Mrs. Messer agreed if Mr. Messer wouldn't fight the divorce case that she would let him come and see the children and she would live in the house. The question as to seeing the children was a matter to be determined by the court. Messer was given the right of reasonable visitation in the judgment and consequently was given all the right that Mrs.

Messer promised and he was not thereby defrauded or misled. Under this record, we do not think appellees could hold venue in Deaf Smith County upon the theory that this was a suit for the recovery of land under subd. 14 of Article 1995, Texas Civil Statutes. This was an attack upon the judgment entered in Cause No. 4071. We do not believe appellees brought this case within the holding of the Supreme Court in the case of Alexander et ux. v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998, where it is stated:

"Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Garcia et al. v. Ramos et al., Tex.Civ.App., 208 S.W. 2d 111, er. ref. Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted'; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done. Harding v. W. L. Pearson & Co. et al., Tex.Com.App., 48 S.W.2d 964. As said by the Supreme Court of California, 'Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice.' Pico v. Cohn et al., 91 Cal. 129, 25 P. 970, 971, 27 P. 537, 13 L.R.A. 336, 25 Am.St.Rep. 159."

So far as that part of the suit setting up the changed conditions is concerned

and relitigating the custody of the children, it is a new suit and would have to be brought in the county in which the children reside. Lakey v. McCarroll, 134 Tex. 191, 134 S.W. 2d 1016; Poindexter et al. v. O'Neill et vir., Tex.Civ.App., 313 S.W.2d 158. The appellants reside and have their abode in Ector County and Mrs. Adams has the full care, custody and control of the said children and the children reside with her in Ector County and we think venue herein is in Ector County.

Judgment of the trial court overruling appellants' plea of privilege is hereby reversed and the case ordered transferred to the District Court of Ector County, Texas.