Francisca G. THRASH, Appellant,

v.

Domitila P. COCHRAN et vir, Appellees.

No. 13989.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 19, 1962.

588

Lloyd, Lloyd & Dean, Alice, for appellant.

Luther E. Jones, Jr., Corpus Christi, Nago Alaniz, San Diego, for appellees.

MURRAY, Chief Justice.

This suit is for the custody and care of Duane Vera Thrash, a girl seven years of age. Mrs. Francisca G. Thrash, on January 15, 1962, filed a petition for a writ of habeas corpus in the District Court of Jim Wells County, Texas, seeking to take the custody of Duane from her mother, who is now Mrs. Domitila P. Cochran, and have such custody awarded to herself. Mrs. Cochran, joined by her husband, James E. Cochran, filed a plea of privilege to be sued in Bexar County, Texas, the county of their residence, and the residence of her daughter. The plea of privilege was controverted by Mrs. Francisca G. Thrash. After notice and hearing, the trial court sustained the plea of privilege and ordered the cause transferred to Bexar County, from which judgment Mrs. Francisca G. Thrash has prosecuted this appeal.

The all important question in this case is whether the petition for a writ of habeas corpus, filed by Francisca G. Thrash instituted a new and independent cause of action or whether it was a part of a former cause pending on the docket of the District Court of Jim Wells County, Texas. Thus it becomes important to state the history of the divorce proceedings of Donald A. Thrash and his former wife, Domitila P. Thrash, now the wife of James E. Cochran.

By a decree entered in the Minutes of the District Court of Jim Wells County, dated October 15, 1957, in Cause No. 10842, styled Domitila P. Thrash v. Donald A. Thrash, Domitila P. Thrash was granted a divorce from Donald A. Thrash and the custody of their two and one-half year old daughter, Duane Vera Thrash, was awarded to her father, with the right of the mother to take her daughter with her from the 15th day of June to the 15th day of August of each year, and it was provided that each parent would have the right to visit the child while in the custody of the other parent.

On June 16, 1961, the mother of the child, joined by her present husband, James E. Cochran, filed a petition for a writ of habeas corpus, complaining of her former husband, Donald A. Thrash, alleging that he had refused to deliver Duane to her for a two months visit, as was provided in the decree, and asking for an order to Donald A. Thrash to immediately deliver the child to her. The trial court granted the temporary order prayed for, and in obedience to this order the child was delivered to her mother.

Thereafter, on June 19, 1961, Donald A. Thrash filed an answer and cross-action, asking that the order of June 16, 1961, be dissolved and a hearing be set upon the petition. The trial court dissolved the temporary order of June 16, 1961, and set the

matter for a hearing on July 14, 1961. This hearing was never had. On October 2, 1961, the court noted on its docket "Dismissed for want of prosecution." Also in the court minutes was found the following: "No. 10842—Domitila Thrash vs Donald A. Thrash—Dismissed for want of prosecution."

On September 20, 1961, Donald A. Thrash died, and on January 15, 1962, his widow, Francisca G. Thrash, filed, under the same style and number, a petition for a writ of habeas corpus, informing the court of the death of her husband, asking that her name be substituted for that of her deceased husband, and that she be awarded the custody of Duane. It was to this petition that the plea of privilege was sustained and the cause transferred to Bexar County.

■ The petition filed by Francisca G. Thrash was a new cause of action for the custody of Duane Vera Thrash, the venue of which lay in Bexar County, the domicile of both Mrs. Cochran, the mother, and Duane, the daughter. 20 Tex.Jur.2d, § 343, p. 673. The litigation pending between Mrs. Cochran and her former husband was brought under the provisions of Art. 4639a, Vernon's Tex.Civ.Stats., and was terminated by the death of Donald A. Thrash, if it had not previously been dismissed by the court. We do not find it necessary to determine whether the notations found on the docket and in the minutes of the court were sufficient to effect a dismissal of the cause.

■ Francisca G. Thrash had no right to intervene in the proceedings between the original parties to the divorce suit. It is true that her husband had been awarded the custody of his daughter Duane, but this was personal to him. It was a right which his widow could not inherit from him. Neither could he assign the custody of his daughter to his second wife who was a stranger to the blood of Duane. Upon the death of her father, the custody of the daughter automatically went to her mother. Knollhoff v. Norris, 152 Tex. 231, 256 S.W.

2d 79; Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551.

■ The right of one of the parties to have the custody of a child or children modified or changed, upon a showing of changed conditions since the entry of the divorce decree, is given, by Art. 4639a, supra, only to a party to the original divorce case and cannot be asserted by a stranger to such cause.

In Prock v. Morgan, Tex.Civ.App., 291 S.W.2d 489, this Court said:

"Here we have a suit by an outsider (the paternal grandmother) against the natural mother to take from such mother her child and have the custody awarded to such plaintiff upon a showing only of changed conditions since the rendition of the original decree of divorce. We are of the opinion that, regardless of the fact that there was no plea of want of necessary parties plaintiff, this suit cannot be regarded as a suit brought under the provisions of Art. 4639a, where changed conditions only are required to be shown. Such a suit can be maintained only by a party to the original decree of divorce."

■ When Donald A. Thrash died the controversy between him and his former wife terminated. There was nothing further that could be adjudicated between them under the provisions of Art. 4639a, supra, and Francisca G. Thrash, a person who was not a party in any way to the original suit, could not carry on litigation limited to the parties to the original divorce suit.

■ If Mrs. Francisca G. Thrash felt that Duane's natural mother was an unfit person to have the custody of her own daughter, or that Duane was a dependent and neglected child, she should have filed a new and independent cause of action under the provisions of Arts. 2330 and 2331, Vernon's Ann.Civ.Stats., and the venue of such statute is in the county of the domicile of the mother and daughter. In Adams v.

Messer, Tex.Civ.App., 335 S.W.2d 676, the Court said:

"So far as that part of the suit setting up the changed conditions is concerned and relitigating the custody of the children, it is a new suit and would have to be brought in the county in which the children reside. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Poindexter et al. v. O'Neill et vir, Tex.Civ.App., 313 S.W.2d 158. The appellants reside and have their abode in Ector County and Mrs. Adams has the full care, custody and control of the said children and the children reside with her in Ector County and we think venue herein is in Ector County."

In 20 Tex.Jur.2d, p. 672, Sec. 342, it is stated:

"In a proper case, the decree awarding custody in a suit for divorce may be modified or corrected by the court during the term at which the judgment was rendered. After the close of the term, however, a supplemental or amended judgment changing custody is invalid, since the court does not retain continuing jurisdiction over the matter of custody. The statute granting continuing jurisdiction to alter or change a judgment respecting children of divorced parents applies only to that part of the judgment dealing with orders requiring parents to support their children and does not relate to that part of the judgment granting custody."

And Sec. 343, pp. 673 and 674, further states:

"After the expiration of the term at which the judgment in a suit for divorce was rendered, custody may be changed only by bringing of a distinct and independent action, by one of the parties with proper service of citation on the other, in a court having jurisdiction of the child.

"Where the custody of a minor has been awarded to one of the parents in a divorce suit, the other may, in a subsequent proceeding, have the question of custody reviewed, if a showing is made that since the rendition of the decree conditions have so altered that the welfare of the child requires a change of custody. A suit to relitigate and adjudicate custody of a minor child on the ground of changed conditions, after expiration of the term of court in which the custody was originally, awarded, is not an action to set aside the former judgment and retry the original case, but is treated as an independent action, which has been declared to be in the nature of a habeas corpus proceeding, although it may be otherwise designated as, for example, a motion."

Thus it will be seen that if the father of Duane, during his lifetime, had desired to have the custody order changed, he would have been compelled to file a new and independent cause for that purpose. It is therefore clear that the only way appellant could take the custody of Duane from her mother and have such custody awarded to herself, was to follow the procedure prescribed in Arts. 2330 and 2331, supra. Appellant has no right to proceed under the provisions of Art. 4639a, supra. Prock v. Morgan, supra; Adams v. Messer, supra; Korn v. Stein, Tex.Civ.App., 225 S.W.2d 244.

The petition for a writ of habeas corpus filed by Domitila P. Cochran and her present husband on June 16, 1961, was not a suit to change the decree in Cause No. 10842, but to enforce it. Likewise, the answer and cross-action filed by Donald A. Thrash on June 19, 1961, in said cause, did not seek to change the decree as to custody of Duane, but only the visitation rights of the mother.

The trial court correctly regarded the petition filed by appellant as the institution of a new and independent cause, and properly sustained appellees' plea of privilege. Accordingly, the judgment is affirmed.