Warren Leslie BRINKLEY, Appellant,

v.

Claudia Eulalia BRINKLEY, Appellee.

No. 14389.

Court of Civil Appeals of Texas.

Houston

June 25, 1964.

Rehearing Denied Sept. 10, 1964.

Ben G. Levy, Houston, for appellant.

Petty & Lively, Victor M. Petty, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from a summary judgment. Warren Leslie Brinkley sued appellee, his former wife, in trespass to try title to recover title to Lot 2 in Block 53 in Garden Oaks, Section 5, an addition to the City of Houston, in Harris County, Texas. Appellee alleged in her amended answer in substance that on March 25, 1963, in the Court of Domestic Relations No. 2 of Harris County, Texas, in Cause No. 598,839, styled Claudia Eulalia Brinkley v. Warren Leslie Brinkley, she recovered judgment against appellant for divorce, and that in such judgment the court awarded her said property as her sole and exclusive separate property, and awarded other property to appellant as shown by a copy of said decree attached to her answer and marked "Exhibit A."

The copy of the divorce judgment, shown to be a nunc pro tunc judgment entered August 30, 1963, is duly certified by the District Clerk of Harris County, Texas, as a true and correct copy of the decree entered in said Cause No. 598,839. Said decree recites, among other things, that "It further appeared to the Court that the said Plaintiff and Defendant had accumulated some community property during their marriage and that justice and equity requires that the house and furniture located at 10060 Gardenia Drive, Houston, Texas, which property is owned by the Plaintiff and the Defendant; * * * be awarded to the Plaintiff as her separate property." The judgment makes a division of the community property between appellee and appellant, who were respectively the plaintiff and defendant in said cause.

After filing her amended answer, appellee filed her sworn motion for summary judgment. In such motion she alleges, among other things, that:

"The pleadings on file herein show that on the 25th day of March, 1963, in the Court of Domestic Relations Number Two of Harris County, Texas, in a certain suit therein pending under Cause Number 598,839, wherein the said CLAUDIA EULALIA BRINK-LEY was Plaintiff and the said WARREN LESLIE BRINKLEY was Defendant, a verdict was entered in favor of the said CLAUDIA EULALIA BRINKLEY as shown in Defendant's pleading herein, which judgment still remains in full force and effect, has never been appealed from, reversed, satisfied or made void and the same is and stands as a bar by res judicata of the present suit."

To such motion appellant pleaded that a summary judgment does not properly lie in this case, for the reason that under plaintiff's petition, and under the attached affidavit, there is a fact question presented of a material nature. The attached affidavit states:

"I have held fee simple title to the homestead of my family, as described in my Original Petition, for over ten years, and under the three, the five, and the ten-year statutes of limitation. At all times relevant to this suit, I have resided in said homestead at 1006 Gardenia, and more particularly described as follows, to-wit:

"Lot 2, Block 53, in Garden Oaks, Section 5, an addition to the City of Houston, Harris County, Texas

and have always, since living there, regarded it as my domicile and have lived therein with such intention."

After a hearing, the trial court rendered a summary judgment in favor of appellee, from which judgment appellant has perfected his appeal.

Appellant first asserts that since appellee did not include a plea of "not guilty" in her answer to his trespass to try title action, appellee's pleadings cannot support any judgment, and that the court erred in granting her motion for summary judgment.

Rule 788, Texas Rules of Civil Procedure, provides:

"The defendant in such action may file only the plea of 'not guilty,' which shall state in substance that he is not guilty of the injury complained of in the petition filed by the plaintiff against him, except that if he claims an allowance for improvements, he shall state the facts entitling him to the same."

Rule 789, T.R.C.P., provides: "Under such plea of 'not guilty' the defendant may give in evidence any lawful defense to the action except the defense of limitations, which shall be specially pleaded."

■ Rule 788 merely provides that the defendant *may* file a plea of not guilty. The rule operates in the interest of the defendant, since it relieves him from pleading specially his various defenses, and under such plea he is given the right to give in evidence any lawful defense except the defense of limitations which must be pled specially. Appellee in her answer to appellant's suit pleaded only a general denial and specially pleaded the judgment in the divorce case as res judicata of appellant's cause of action.

■■ The law is well settled in Texas that a plea of general denial by a defendant in a trespass to try title suit puts the plaintiff upon proof of his right to recover the land in controversy. A defendant is not required to file a plea of not guilty. He may file a general denial and special pleas. In Butcher et ux v. Tinkle, Tex.Civ.App., 183 S.W.2d 227, writ ref., the court said:

"The plea of not guilty in a trespass to try title suit was first provided for by the Congress of the Republic of Texas in 1844. Gammel's Laws of Texas, Vol. 2, pp. 69, 70. In the case of Harlan's Heirs v. Haynie, 9 Tex. 459, nine years after the passage of such Act, the court held that under a general denial the defendant could attack the sufficiency of plaintiff's title, saying:

" 'The general denial put the appellee upon proof of his right to recover the land in controversy; and that proof must be sufficient for the purpose. The Supreme Court, in the case of Mason v. Russel's [Heirs], 1 Tex. [721], 726, not only determined that such was the effect of the general denial, in actions of trespass, but that, under it, proof having relation to objections dehors the grant, was admissible.'

"In the case of Robb v. Robb, Tex.Civ.App., 41 S.W. 92, it was held that in an action to determine title to the land where the defendant pleads the general denial, a deed conveying the land to defendant is admissible and that the court could not properly reject such deed upon the ground that the pleadings of appellant did not authorize its admission. Under these authorities the deed from N. E. Tinkle to J. H. Tinkle, of date April 13, 1940, was admissible under a plea of general denial."

In Edwards v. Edwards, 52 S.W.2d 657, writ ref., which was a suit in trespass to try title, the court said: "It was not necessary to plead a verbal partition, specifically. The general denial puts in issue any title appellees might show to defeat that asserted by appellant." Appellee relies upon

the case of Foust v. Jones, Tex.Civ.App., 90 S.W.2d 665, no writ hist., in which the court said: "In a trespass to try title suit in this state, the issues tendered by the plaintiff's pleading are joined by a plea of not guilty. In the absence of such plea no proof is required on the part of plaintiff to establish the allegations of his petition." In the Foust case the defendants that the court was speaking of had not appeared and answered but had wholly made default. The court evidently was not considering the question as to whether the defendants could have filed merely a general denial and special pleas instead of a plea of not guilty, because that question was not before the court. If, however, the court intended to rule that it was essential to file a plea of not guilty rather than a general denial in order to join issues tendered by the plaintiff, we would be compelled to disagree.

■ Appellant next complains that the court erred in overruling plaintiff's motion for new trial because the judgment awarded her was not supported by her pleadings. We overrule this assignment. Appellee's answer, motion for summary judgment, and the accompanying certified copy of the decree in the divorce case, in which the property in question was awarded to appellee as her separate property, constitute sufficient pleadings to support the summary judgment rendered by the court. In his pleading appellant refers to the old case of Tiemann v. Tiemann, 1871, 34 Tex. 522, in which the court held that the provision against divesting title to real estate applied to community land as well as separate land. For many years there was a substantial conflict in the cases. Some held that community realty could be awarded to one spouse if the other spouse was compensated for his or her interest with money or other assets; whereas other cases held that such a decree divested title to land in violation of the statute, now Article 4638, Vernon's Annotated Texas Statutes. The conflict has now been finally settled by the Supreme Court. In Hailey v. Hailey, 1960, 160 Tex. 372, 331 S.W.2d 299, the Court said: "That part of Art. 4638 contained in the last sentence, which prohibits the divestiture of title by either party to real estate, has no application to the community real estate but applies only to the separate property of each party." See also Adams v. Messer, Tex.Civ.App., 335 S.W.2d 676 dism.; Eagle Lumber Company v. Trainham, Tex.Civ.App., 365 S.W.2d 702, ref., n. r. e.

■ The judgment of the court in said Cause No. 598,839 clearly shows that the property in question was the community property of appellant and appellee, who had been husband and wife for many years, and that it was awarded to appellee as her separate property. Such judgment is res judicata of appellant's cause of action. Appellant does not assert that in such judgment the court did not make a just, fair and equitable division of the community property, nor does he attack such judgment in any way. His affidavit with respect to limitations and homestead is in the nature of a conclusion and is, in view of such judgment and the recitals therein, wholly without any merit or basis. He has not raised any fact issue with respect to appellee's title to the property in question, nor has he denied any of the allegations in appellee's motion for summary judgment.

Judgment affirmed.