**GUADALUPE–BLANCO RIVER AUTHORITY, Appellant,**

v.

**Alex FORSHAGE et al., Appellees.**

**No. 14442.**

Court of Civil Appeals of Texas.

San Antonio.

March 16, 1966.

Rehearing Denied April 13, 1966.

Denver E. Perkins, Gonzalez, for appellant.

Elbert R. Jandt, Seguin, for appellees.

BARROW, Justice. ·

This is a non-jury trespass to try title suit and concerns a boundary question. Judgment was entered whereby appellant, Guadalupe-Blanco River Authority, hereinafter called GBRA, recovered title to and possession of 7.3 acres of land. The judgment describes this land by metes and bounds, in accordance with the description contained in the 1926 deed from appellees' predecessor to Texas Power Corporation, the predecessor of GBRA, except for the correction of one call which is immaterial to this appeal.

Appellant asserts that the beginning point in the description set forth in the judgment is erroneous because it is not the common boundary line which was established by agreement and acquiescence of the parties and their predecessors in title, and cannot be located on the ground.

The agreed common source of title is Christian H. Forshage and wife, Alvina Forshage. In 1926, this couple conveyed 7.3 acres of land to Texas Power Corporation by warranty deed. Appellees, Alex Forshage, Edwin Forshage and Ina Schuman, are the owners of the adjoining 63.9 acres of land which they acquired by inheritance from their brother, Sam Forshage, who had acquired all the interest which had belonged to his parents, Christian H. and Alvina Forshage. The 7.3 acres is located adjoining the west bank of the Guadalupe River, and was acquired by Texas Power Corporation to be used in connection with the formation of a lake in the Guadalupe River by the construction of Nolte Dam. The dam was completed in 1927, and at least part of the 7.3 acres has been continually inundated since that time. GBRA acquired title to the land in 1963, from Texas Power Corporation.

The beginning call in the 1926 deed is: "Beginning at a stake in the lower line of the said Christian Forshage, the same being the upper line of a tract owned by C. E. Tips, said stake being at the present waters edge of the Guadalupe River; Thence N. 75–35' E. 27 feet to a stake in the said dividing line between the said Christian Forshage and C. E. Tips;" and this call is followed by fifteen meandering calls which constitute the west boundary of the 7.3 acres. The judgment contains the same metes and bounds description, except that it substitutes "1926 (year)" for the word "present" in the beginning call, and reverses the call "N. 75–35' E. 27 feet to a stake" to read "S. 75 Deg. 35' W. 27 feet to a stake." This call was obviously reversed in that the original call led to the center of the river.

The controversy in this case is over the beginning call of "the 1926 (year) waters edge of the Guadalupe River," in that this point has been inundated since the lake was created by the construction of the dam in 1927. The uncertainty over the location of this beginning point caused the parties to this suit, or their predecessors, to enter into

an agreement in 1939, whereby the common boundary line between the 7.3 acres and the 63.9 acres was located. Prior to this agreement the bank along the edge of the lake was caving in and a dispute arose over settlement for the land so affected.

A settlement was agreed upon in writing between Texas Power Corporation, on the one hand, and Alvina Forshage and all the heirs of Christian H. Forshage, including appellees herein, on the other hand, which agreement was duly acknowledged by all parties and filed in the deed records of Guadalupe County. As a part of this agreement of November 8, 1939, the 63.9 acres was described by metes and bounds in accordance with a survey made by H. N. Tuley. This survey was made by starting at the NW corner of the 63.9 acre tract, which was a known point, and then proceeding generally south to the SW corner, which was on the dividing line of the Forshage and Tips properties. The survey then called for proceeding 75° E. along this line for 792' to a stake, which was the SW corner of the 7.3 acre tract. Thereafter the line proceeded by the same fifteen meandering calls as set forth in the 1926 deed. There was a specific recitation in the description set forth in the 1939 agreement that this was the common boundary line between the 7.3 acres conveyed to the Texas Power Corporation and the 63.9 acres described therein.

This agreement made specific reference to a survey and map prepared by Tuley, dated July 11, 1939, as the basis of the metes and bounds description, and it was agreed that this survey and map "which we have identified by signing our names thereto" was an accurate survey of said division line. There was received in evidence, from the records of appellant, both a rough drawing and a finished survey and map which was dated July 11, 1939, and both were identified as being the work of Tuley. However, neither was signed by any of appellees or their predecessors, and in a finding of fact the trial court disregarded this map because it was not signed.

It is our opinion that the trial court erred in not finding the common boundary line as established by the description set forth in the 1939 agreement, which description is marked by monuments on the ground. It is true that an identified map as referred to in the 1939 agreement was not in evidence; however, the metes and bounds description is set forth in same. Further, this description was subsequently recognized by appellees and their predecessor, Sam Forshage.

Alvina Forshage, the widow of Christian H. Forshage, died intestate in 1941. Thereafter Sam Forshage acquired the interest of each of his four brothers and sister by deeds executed between June 23, 1942, and March 27, 1947. Each of these five deeds contains a metes and bounds description of the 63.9 acres, and the description is the same as that contained in the 1939 agreement. Each specifically locates the common boundary line between the 7.3 acres and the 63.9 acres in accordance with the Tuley survey contained in the 1939 agreement.

It is a settled rule that where there exists uncertainty, doubt or dispute as to the true division line between two adjoining tracts, the boundary line may be established by agreement between the respective owners. Gulf Oil Corp. v. Marathon Oil Co., 137 Tex. 59, 152 S.W.2d 711; Foster v. Duval County Ranch Co., 260 S.W.2d 103, wr. ref. n. r. e.; 12 Baylor Law Review 93. The agreement of 1939 established the common boundary line and this line was also fixed by acquiescence and recognition by the subsequent actions of appellees and their predecessors. Great Plains Oil and Gas Co. v. Foundation Oil Co., 137 Tex. 324, 153 S.W.2d 452; Anderson v. Atlantic Oil Producing Co., Tex.Civ.App., 83 S.W.2d 418, wr. ref.; 9 Tex.Jur.2d, Boundaries, §§ 52, 53. There was no evidence to rebut the presumption that this recognized line was the correct boundary line. Cf. Duval County Ranch Co. v. Foster, Tex.Civ.App., 318 S.W.2d 25, wr. ref. n. r. e.

The judgment is therefore reversed and this cause remanded for entry of judgment setting forth the description of the 7.3 acres owned by GBRA in accordance with the common boundary line contained in the 1939 agreement.