**Vincent CERVANTES et ux., Appellants,**

**v.**

**Alvaro RAMIREZ, Sr., et al., Appellees.**

**No. 14581.**

Court of Civil Appeals of Texas.

San Antonio.

April 12, 1967.

Rudy Nava, San Antonio, for appellants.

Mayo J. Galindo, San Antonio, for appellees.

BARROW, Chief Justice.

This is a boundary dispute involving a strip of land with approximately seven feet frontage on Menefee Blvd., in the City of San Antonio, being in Block 36, NCB 3695, Edgewood Addition. Appellants, Vincent Cervantes and wife, Diana R. Cervantes, brought this suit in the nature of a trespass to try title, and also seeking an injunction to enjoin appellees, Alvaro Ramirez and wife, Teresa Ramirez, and their son, Alvaro Ramirez, Jr., from constructing improvements on the land in controversy. Judgment was rendered after a non-jury trial finding appellees not guilty of the trespass and denying appellants an injunction.

Appellants purchased Tract 6 in said block on December 19, 1960, from Mrs. Emma T. Hillmeyer. On December 7, 1965, appellees purchased the east half of Tract 5 from Alois Hillmeyer, son of Mrs. Emma T. Hillmeyer. In June of 1966 appellees erected a fence to divide Tracts 5 and 6 and commenced construction of a home. This suit was filed to enjoin this construction, wherein it was alleged that the fence and proposed construction encroached approximately seven feet into Tract 6. The five and ten-year statutes of limitation were also pleaded by appellants but no point with reference to same is asserted on this appeal.

The burden of proof was upon appellants as the initiators of this suit to show by a preponderance of the evidence the location of the boundary line upon the ground, and that appellees were trespassing upon their land. Rodriguez v. Flores, Tex.Civ. App., 403 S.W.2d 172, no writ; Brinkley v. Brinkley, Tex.Civ.App., 381 S.W.2d 725, no writ. Appellants assert on this appeal that the trial court erred in not finding the western boundary line in accordance with the survey filed by them. In view of the adverse findings by the trial court, the burden now is upon appellants to show that their alleged boundary line was established as a matter of law.

Although the disputed strip involves the true location of the boundary line between Tracts 5 and 6, the finding of the trial court is largely based upon the boundary line between Tracts 6 and 7, which is the eastern boundary of Tract 6. Tracts 7, 8 and 9 have been owned since 1930 by Hugo F. Kappmeyer. He testified that shortly after he purchased his land, a survey was made and a fence constructed on the line separating Tracts 6 and 7. This fence was accepted thereafter as the boundary line. Mrs. Hillmeyer, although called as a witness by appellants, confirmed that the Kappmeyer fence had always been recognized as the boundary line separating Tracts 6 and 7. After appellants purchased Tract 6 they replaced part of the Kappmeyer fence with a chain link fence, and it is significant that the new fence was located by them on the same line as the original Kappmeyer fence.

Appellants' claim is based upon a survey of Tract 6 made in 1960, at the time appellants purchased this tract. The survey was made at the request of the title company handling the sale, and showed the eastern boundary line of Tract 6 as being some seven feet west of the Kappmeyer fence. Since the tract is undisputedly 124.6 feet wide, the western boundary line encroached this same distance into Tract 5, and is the strip in controversy. Mr. Jacobs, a licensed surveyor, who made this survey in 1960 and confirmed same prior to the trial, testi-

fied that he made his measurements from a beginning point at the intersection of Menefee Blvd. and Cupples Road, which is the *northwest* corner of Block 36. He admitted that he found no original monument and made no contention that he was retracing the footsteps of the original surveyor.

Mr. Cadena, also a licensed surveyor, testified on behalf of appellees. He prepared a survey in January, 1966, which showed the boundary line between Tracts 5 and 6 as being approximately seven feet west of the line found by Mr. Jacobs. He testified that he began his survey at the *northeast* corner of Block 36 and measured west through Tract 5. Each of the seven lots he surveyed was 124.6 feet in width, and his survey coincided almost exactly with the fences which were constructed dividing the various tracts. Specifically, his survey coincided with the original Kappmeyer fence. Also, there are exactly 124.6 feet between the Kappmeyer fence and the fence erected by appellees.

We cannot say that this evidence establishes as a matter of law that the Jacobs survey located on the ground the correct boundary line between Tracts 5 and 6. It is not based upon any original monument, nor is there any contention that Mr. Jacobs retraced the footsteps of the original surveyor. Therefore, the rule to be applied is that used where there is uncertainty, doubt or dispute as to the true division line between two adjoining tracts.

Our facts are very close to those in Kier v. Fahrenthold, 299 S.W.2d 744, writ ref'd n. r. e., wherein this Court affirmed a finding by the trial court that an old fence established the correct boundary line where the plaintiff had failed to locate the true boundary line. This Court said: "It has long been the settled law in this State, that where a boundary line is in doubt, acquiescence for a long period of time is entitled to great weight in determining the boundary line. A strong presumption is indulged that such line is the correct line, and such presumption is strengthened by lapse of time."

See also Guadalupe-Blanco River Authority v. Forshage, Tex.Civ.App., 401 S.W.2d 376, writ ref'd n. r. e.; 9 Tex.Jur.2d, Boundaries, § 52.

Here it is seen that both Mrs. Hillmeyer and Kappmeyer recognized the Kappmeyer fence as the boundary line between Tracts 6 and 7 for over thirty years. Appellants assert claim to a tract of only 124.6 feet in width. The trial court did not err in refusing to locate the boundary line some seven feet west of the line which had been recognized as the eastern boundary line of Tract 6 for such a long period of time.

The judgment is affirmed.