**ELLINGTON v. FLOYD et vir.**

No. 12519.

Court of Civil Appeals of Texas.
Galveston.

Feb. 19, 1953.

E. Jack McLeroy, Jr., Center, Ross, Banks & May, Houston, Geo. B. Banks, Houston, of counsel, for appellant.

No brief for appellees.

CODY, Justice.

This is a plea of privilege case.

This is a suit in which the plaintiffs below, appellees here, sought to change and enlarge the right of custody of the minor, Johnnie Roy Ellington, as the same had been awarded to Carolyn Floyd; formerly the wife of defendant, appellant herein, said order as to custody of said minor having been made in the divorce suit between Mrs. Floyd and her then husband, defendant, in cause No. 13,082, in the District Court of Shelby County, Texas, on August 9, 1946. Since the date of the aforesaid divorce decree and award of custody of aforesaid minor, which custody had been divided between the parties to said divorce, the child's mother has married Dr. Floyd, and she and her husband live in Harris County. In their petition the plaintiffs allege, in this subsequent suit, so brought to relitigate the right of custody of the child, changed conditions which allegedly make it for the best interest of the child to be in the exclusive custody of plaintiffs below.

The defendant below, appellant here, has continued to reside in Shelby County, and duly urged his plea of privilege to be sued in said county of his residence. In their controverting plea, the appellees, after alleging that the appellee, Mrs. Floyd, had the right to the legal custody of the child, further alleged in their said controverting plea that in a suit "to relitigate the custody of a child the residence of the defendant is immaterial, since the residence of the child forms the basis of jurisdiction of the court to hear and determine such cause."

The plea of privilege was tried below without a jury, upon an agreed statement of facts. It is unnecessary to state said facts, other than to say that in the divorce suit the judgment divided the custody between the parties.

From the judgment of the court overruling his plea of privilege, the defendant (appellant) has perfected this appeal. Appellant has predicated this appeal upon three points. Appellees have not seen fit to favor us with any brief. We have accordingly taken the case to be as stated by appellant.

We deem it unnecessary to state the points upon which appellant predicates his appeal. It became the settled law of this State, by the decision of Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, that a suit to relitigate and adjudicate the custody of a minor child, whose custody had already been litigated and adjudicated at a term of court which had expired, was regarded as a new and independent suit, and not as an action to set aside the old judgment and retry the original case, and that the venue of such suit, accordingly, lay in the county of the residence of the defendant. See also the following cases to the same effect: Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601; Green v. Spell, Tex.Civ.App., 191 S.W.2d 92, approved by Supreme Court, 144 Tex. 535, 192 S.W.2d

260; Quick v. Lindsay, Tex.Civ.App., 208 S.W.2d 910.

The judgment and order overruling the plea of privilege is here reversed, and rendered for appellant sustaining same, and the trial court is directed to transfer said cause in conformity with appellant's plea of privilege.

Judgment reversed and rendered.