**William I. FOX, Appellant,**

v.

**Marta Ve FOX, Appellee.**

**No. 12862.**

Court of Civil Appeals of Texas,

Galveston.

July 7, 1955.

Smith, Bickley & Pope, Abilene, Kemper & Wilson and Vincent W. Rehmet, Houston, for appellant.

No appearance for appellee.

CODY, Justice.

This is an appeal from the judgment of the 127th Judicial District Court of Harris County, rendered without the aid of a jury, overruling appellant's plea of privilege to be sued in Taylor County, the place of his residence. By her petition appellee sought to relitigate the custody of Leslie Everton Fox, who was born of the marriage between appellee and appellant on November 12, 1947, said marriage being dissolved by judgment of divorce by the District Court of Taylor County on November 5, 1947. In her petition appellee alleged a change of conditions since the judgment of divorce aforesaid. Appellee also sought to have the amount of support payments, that appellant had been ordered to pay in the divorce action in Taylor County, further increased.

At the time appellee instituted this suit in Harris County to relitigate the custody of the child, which was on December 23, 1954, appellee lived in Harris County, and the child was residing with her. Appellant has at all material times resided in Taylor County, and it was undisputed that that County is and was the place of his residence. The sole ground on which appellee sought to have venue retained in Harris County was that said County was the place of residence of herself and child. And, basing his judgment solely upon that ground, the court held that appellant's plea of privilege to be sued in Taylor County should be overruled.

It has been the settled law of this State, since the decision of Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, that a suit to relitigate the custody of a minor child, whose custody had already been adjudicated at a term of court which had expired, was a new and independent suit, and that the venue of such suit is in the county of the residence of the defendant. Ellington v. Floyd, Tex.Civ.App., 255 S.W.2d 948, 949, and cases there cited. Appellant's point to such effect is sustained, and the order of the court overruling his plea of privilege is reversed, and the cause remanded with instructions to the court below to sustain appellant's plea of privilege and transfer the cause to the District Court of Taylor County.

Reversed and remanded with instructions.