George Norman CADE et al., Appellants,

v.

Gloria JONES et vir., Appellees.

No. 15101.

Court of Civil Appeals of Texas.

Dallas.

April 6, 1956.

Rehearing Denied May 4, 1956.

Bill Lofland, Rockwall, and Earl R. Parker, Dallas, for appellants.

John A. Rawlins, Dallas, for appellees.

YOUNG, Justice.

This is a venue case. To the filed pleading of appellees, styled "Petition for Permanent Custody" of two minor children, appellants had interposed a plea of privilege, seeking transfer of the cause to the County of their residence—Rockwall. A controverting affidavit was duly filed and upon hearing, the plea was overruled, from which order of Court this appeal is taken.

Gloria Jones (formerly Cade) and George Norman Cade are the mother and father of Mellany Ann and Tommie Norman Cade, now some seven and eleven years of age respectively. Marital differences in 1951 brought on a suit for divorce by the former Mrs. Cade and cross-action by defendant, filed in Juvenile Court of Dallas County. The August 1952 judgment of divorce recited in part: " * * * (4) That the best interests of said minor children, Tommie

Norman Cade, a boy, aged 7, and Mellany Ann Cade, a girl, aged 4, will be best served by awarding them to the temporary care and custody of their paternal grandparents, George H. Cade, and wife, Kathryn Cade, of Rockwall, Texas. * * * It is further ordered, adjudged and decreed by the Court that the temporary custody of Tommie Norman Cade, a boy, aged 7, and Mellany Ann Cade, a girl, aged 4, be, and the same is awarded to their paternal grandparents, George H. Cade and wife, Kathryn Cade, of Rockwall, Texas, with full right of visitation by the mother to said children, without prejudice to future proceedings for permanent custody." The grandparents then assumed custody of the named children. Mrs. Gloria Cade later married Tommy Jones, they establishing residence at Rockwall with present family of an infant child.

In September 1955 Gloria Jones, joined pro forma by her husband, filed in the old docketed and numbered divorce action the aforesaid "Petition for Permanent Custody," seeking final custody of the named children. Allegations thereof were, in effect: That at time of the 1952 divorce hearing her personal situation was unsettled, having had to take up a business career away from home at Rockwall, with the father George Norman Cade then serving in the Armed Forces. Because of these facts it was represented to her by defendants and their counsel that said children would be placed in the Dallas County Juvenile Home unless she agreed that the parents of George Norman Cade be given their temporary custody; all these parties assuring her that when she had later established a home for herself, the children would be voluntarily restored to her; that she is now married, with residence at Rockwall, and ample facilities for keeping of the children; conditions surrounding the grandparents having deteriorated with the older Mr. Cade in ailing state of health; that aforesaid custody by the Cades was interlocutory in effect, the Dallas Juvenile Court having, by its order, in fact refrained from entering any order on the issue of permanent custody of said children. Other allegations stressed the advantages at petitioner's command for welfare of the minors over those offered by the grandparents; praying for award of possession without notice and, upon final hearing, for judgment of permanent custody. The natural father, George Norman Cade, sole defendant in the divorce suit, was made party to this application for permanent custody; also the grandparents, George and Kathryn Cade. All parties to this litigation, including appellees Gloria Jones and husband, are residents of Rockwall County.

■■ Points of appeal complain of the trial court's error (a) in construing the petition of appellees for permanent custody as a motion in the 1952 suit for divorce, the same constituting a new and independent cause of action; and (b) in overruling their plea of privilege, the undisputed evidence showing that defendants (paternal grandparents and son) were residents of Rockwall County when said petition was filed, and had so resided for a long period of time.

In support of points, appellants cite the following settled rules as announced in numerous child custody cases: "RS Art. 4639a does not change the rules relating to the venue of independent actions to relitigate and readjudicate the custody of children under statutory age on account of changed conditions. Lakey v. McCarroll, 1940, 134 Tex. 191, 134 S.W.2d 1016 * * * A motion or petition to change custody of a child from the custody granted in the divorce decree is a new and independent action, and such suits to relitigate and readjudicate custody of minor children on account of changed conditions are governed by the general law of venue and such venue lay in the county of the residence of the defendant in the new action. Green v. Spell, Tex.Civ.App.1945, 191 S.W.2d 92, error refused" 15–B Tex.Jur., Note, p. 89. "Later cases * * * hold that the power of the District Court adjudicating the suit for divorce is not a continuing one * * * The court awarding custody in the suit for divorce cannot reserve to itself, in the decree, the exclusive right to determine in the future whether custody shall be changed." 15–B Tex.Jur., pp. 92–94.

Appellees recognize above statement of principles but strenuously deny their applicability to the instant 1952 judgment of divorce. They say that the issue of custody was not there litigated; that temporary care and possession by the grandparents only was involved, "without prejudice to future proceedings for permanent custody"; thereby distinguishing the present situation from the holding of Lakey v. McCarroll, supra, that the issue of custody of minors, once adjudicated, the law of venue applies to a subsequent suit alleging changed conditions. In short, their position is that the 1952 judgment recitals amounted to a severance of the custody phase of the divorce suit which they now seek to finally dispose of.

We conclude that appellees' construction of the 1952 judgment recitals cannot be sustained. Under Art. 4639a, V.A.C.S., in event a divorce be granted, the court is required to make such orders regarding the custody of the child or children as is for the best interests of same. Pursuant to that duty, Judge Erisman entered the order in question, denominating it a "temporary" arrangement; upon the judgment becoming final, constituting a determination of custody as of that date; the word "temporary" going only to its appealability. Goodman v. Goodman, Tex.Civ.App., 236 S.W.2d 641. Manifestly, any proceeding thereafter for permanent custody, alleging changed conditions and circumstances, must be held subject to our venue laws. "It adds nothing to the decree to say that for the time being the custody of the children is awarded to one party, and the court has no power to decree that it reserves to itself the exclusive right to determine in the future whether the custody shall be changed. The custody is conclusively adjudicated upon the facts then existing, and a new suit must be brought in that court or some other court of competent jurisdiction in order to change such custody." Ex parte Garcia, Tex.Civ.App., 187 S.W. 410, 412.

We must overrule appellees' further contention that jurisdiction of the Dallas Court continues over this, a severed element of the 1952 divorce action. There was no express severance of issues and Rule 174, Texas Rules of Civil Procedure (Separate Trials), can be implied only from judgment recitals; but even so, the matter of custody would merely become an undisposed part of the divorce litigation. "Where care and custody of child was not litigated in divorce proceeding, an action involving the custody was a new and independent cause of action in which the defendants were entitled to claim privilege to be sued in the county of their residence. Isom v. White, [Tex.]Civ. App., 202 S.W.2d 486." Art. 4639, V.A. C.S., Note 19, p. 1004. Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79.

Nor can appellees claim venue under subd. 9, Art. 1995; counter-point 3 asserting that "Gloria Jones was induced to agree to the order awarding temporary custody to the grandparents upon material misrepresentations of facts made by appellants with no intention to keep their promise, which constituted a trespass * * *." The 1952 order on its face appears to have been resolved, not on basis of any agreement of the parties, but from the "evidence" before the divorce court. See also O'Quinn v. O'Quinn, Tex.Civ.App., 57 S.W.2d 397, where a similar contention was overruled.

By cross-assignment, appellees urge error in the trial court's refusal to admit in evidence the 1952 investigator's report recommending that custody be awarded the mother at that time. As we view the record, the exclusion of this report does not amount to error deemed reversible. Its admissibility is a matter more properly for consideration on trial of the cause to the merits.

The plea of privilege of George Norman Cade, George H. Cade, and wife Kathryn Cade should have been sustained and this cause transferred to the District Court of Rockwall County; and it is accordingly so ordered.

Reversed and rendered with instructions.