Georgie Dickens **HERBORT** and Husband,
Walter Herbort, Appellants,

**v.**

Louis C. **WEINHEIMER**, Jr., Appellee.

No. 13106.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 19, 1956.

Jackson & Jackson, Crystal City, for appellants.

Frank D. Masters, San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order sustaining the plea of privilege of appellee, Louis C. Weinheimer, Jr., to be sued in Bexar County, where he resides. The suit involves the custody of a minor child. On January 31, 1956, appellant, now Mrs.

**674**

Walter Herbort, filed suit against appellee alleging that she was a resident of Dimmit County; that appellee was a resident of Bexar County; that she and appellee were the parents of the minor, Gladen Robert Weinheimer; that they had been divorced by decree of the District Court of Bexar County, and that the custody of the child had been awarded to appellee. She sought a decree changing the custody of the child and an order requiring appellee to pay child support money to her based upon the proposed change of custody.

 Her petition on its face made out a case for Bexar County venue on both the custody and support features of the petition. Yeagle v. Bull, Tex.Civ.App., 235 S.W.2d 226. The trial court deemed appellant's controverting affidavit insufficient as a matter of law and accordingly sustained the plea of privilege.

Exception 29a of Article 1995, Vernon's Ann.Tex.Civ.Stats., relied upon by appellant, is not applicable to the case. This section must be used in connection with some other exception to the venue article and can not be invoked upon the theory that the child was a resident of Dimmit County. Pioneer Building & Loan Association v. Gray, 132 Tex. 509, 125 S.W.2d 284; Rudco Oil & Gas Co. v. Ogden, Tex.Civ.App., 167 S.W.2d 586; Clark, Venue in Civil Actions, 175, § 2. Furthermore, if it be considered that the child was with the appellant and physically present in Dimmit County, this circumstance would not control the venue issue. Fox v. Fox. Tex.Civ.App., 281 S.W.2d 122.

In her brief the appellant contends that the trial court rendered a summary judgment and in effect sustained a demurrer to her controverting affidavit. As above stated, the venue facts were established by the allegations of appellant's petition. The hearing of evidence was consequently unnecessary. We find no request to amend the controverting affidavit in the transcript, and it is not shown by the brief that an amendment would or could aid the appellant's case. The contention that appellee by filing a pleading designated as a supplemental answer waived his plea of privilege is not well taken. This answer was in effect a reply to the controverting affidavit and a re-assertion rather than a waiver of the plea of privilege.

The order appealed from is affirmed.