Donny DUNCAN, Appellant,

v.

Patricia DUNCAN, Appellee.

No. 10461.

Court of Civil Appeals of Texas.

Austin.

March 6, 1957.

Rehearing Denied March 27, 1957.

William C. McDonald, San Angelo, for appellant.

Upton, Upton, Baker & Griffis, Craig Porter, San Angelo, for appellee.

ARCHER, Chief Justice.

This is a Plea of Privilege case wherein appellee's Plea of Privilege was sustained

by the Trial Court, with appellant bringing this appeal therefrom. The action involved in the Trial Court was one concerning a suit brought by appellant to change legal custody of the minor children of such parties, based upon an alleged change of conditions arising since the original decree awarding custody of such children.

The appeal is before this Court on five points and are directed to the action of the Trial Court in overruling four special exceptions leveled at the Plea of Privilege because plaintiff, appellant herein, had not been furnished with a correct copy of such plea which does not show that the plea was signed by anyone, or verified, or date of filing, nor was any copy of such plea ever delivered to plaintiff or his attorney; that the plea was insufficient because the notary who took the acknowledgment of the defendant was at the time thereof the attorney of record in the cause and the affidavit was insufficient and not binding on affiant, and finally in sustaining defendant's plea of privilege, because as a matter of law, the plea had been waived by defendant proceeding to trial on the merits in the controversy.

Appellee takes the position that the court correctly sustained the Plea of Privilege and correctly overruled appellant's special exceptions.

We shall first consider the correctness of the court in sustaining the Plea of Privilege.

The subject matter of the suit is the custody of the two young children of the parties.

On August 6, 1955, a judgment of divorce was entered and the custody of the two children was awarded to appellee, with the provision that the children should be with appellant for three weeks of each year.

Subsequently appellee placed the actual physical custody of the children with appellant but retained legal custody, the circumstances of such surrender of actual custody being determinable only in a trial upon the merits of the cause, and no such trial has been had.

On June 14, 1956, appellant filed suit under the original docket number in the District Court of Coke County to change and modify the original custody decree previously entered by such court, alleging that defendant was presently a resident of Dallas County, Texas.

Appellant alleged the prior award, but pleaded that conditions have changed since such judgment was entered.

Appellee filed a Plea of Privilege to be sued in Dallas County, the county of her residence, to which a controverting plea was filed and such was sustained on August 6, 1956, with orders entered to such effect on August 8, 1956.

We believe that the court was correct in sustaining the Plea of Privilege.

As has been held in many cases, particularly in Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, and cases subsequent, that in suits to relitigate and readjudicate custody of minor children on account of changed conditions are governed by the general law of venue and such venue lays in the county of the residence of the defendant.

Hunt v. Boyd, Tex.Civ.App., Austin, 193 S.W.2d 970; Ellington v. Floyd, Tex.Civ. App., 255 S.W.2d 948.

It is noted that appellant in his First Amended Original Petition alleges that appellee resided in Dallas County, Texas where she was served with process.

Appellee alleged in her Plea of Privilege that her residence at the institution of the suit and at the time of service of process therein was, and at the time of filing of her plea, is in Dallas County, Texas, and that no exception to exclusive venue in the county of one's residence provided by law exists in said cause, and the prayer to the court was to sustain the Plea of Privilege.

This plea was sworn to on July 23, 1956, before Royal Hart, a notary public in and for Tom Green County, Texas.

At the hearing on the Plea of Privilege in answer to questions put by attorney for appellant, Mrs. Duncan, appellee, testified that she was living in Dallas, Texas, with her mother and had been for a year, and on direct examination testified that all of her things were in Dallas, Texas; that she lived there now and had for the past year.

In venue cases, such as this one, the determining factor as to venue in a suit brought to change an award of custody of children, based upon a change of conditions, is: Where does the defendant reside?

Green v. Spell, Tex.Civ.App., 191 S.W.2d 92, er. ref., 144 Tex. 535, 192 S.W.2d 260.

■ The fact that the children were living in Coke County at the time of the present proceedings and circumstances under which their present custody was derived was not material to correct disposition of venue issue.

Steele v. Steele, Tex.Civ.App., 251 S.W.2d 258; Herbort v. Weinheimer, Tex.Civ.App., 293 S.W.2d 673.

■ Appellee did not waive her Plea of Privilege. Before any evidence was heard appellee expressly announced ready only on the Plea of Privilege and the hearing was confined to the question of venue.

A hearing upon the merits of this cause of action can be had only in Dallas County, Texas under the state of the record.

We do not believe that the court erred in overruling the special exceptions to appellee's Plea of Privilege.

Appellant was furnished a copy of the plea and filed his special exceptions. Exception No. 1 is directed to a copy furnished which omitted the notary public's name and seal. The appellant complained in this exception that the notary public who took the acknowledgment was at the time the attorney of record in the cause, naming the attorney. It is therefore apparent that appellant was fully aware of the fact that the attorney for appellee was the person who swore appellee to the plea and that appellee was the person who signed and verified the same and appellant had before him all necessary information to enable him to make his exceptions and reply thereto.

■ We do not believe that the attorney, who is a duly qualified notary public and swore the affiant to the Plea of Privilege, was disqualified to perform that act by reason of being the attorney in the cause, since he was performing only a ministerial act.

Walden v. Locke, Tex.Civ.App., 49 S.W.2d 832, er. ref.; Oliphant v. Buie, Tex.Civ.App., 134 S.W.2d 751, writ dism., cor. judgm.

■ We are unable to find any merit in special exception No. 4, because such exception was too general and fails to point out specifically the alleged defects but is directed to the entire Plea of Privilege as a whole and is not in compliance with Rule 91, Texas Rules of Civil Procedure.

Martin v. Hunter, Tex.Civ.App., 233 S.W.2d 354, er. ref., N.R.E.

■ We believe that the Plea of Privilege sufficiently alleged that Dallas County was the county of appellee's residence and the proof sustained such allegation. Rule 89, T.R.C.P.

The judgment of the Trial Court is affirmed.