Phillip FITZGERALD, Appellant,

v.

Joyce Fitzgerald NEUTZE, Appellee.

No. 5461.

Court of Civil Appeals of Texas.

El Paso.

July 26, 1961.

Don C. Alexander, Marc Wooten, Jr., Dallas, for appellant.

Rix Rutland, San Antonio, for appellee.

CLAYTON, Justice.

Appellant brings this appeal from an order of the Juvenile Court of Dallas County, Texas, sustaining appellee's plea of privilege to be sued in Bexar County, Texas.

From the petition of the appellant in the court below, it is learned that appellant and appellee were divorced on or about May 24, 1957, by decree of the District Court of Dallas County. In the decree there was a provision for the support of the couple's minor children, which provision was later modified, but the matter of the support of such children is not an issue in the present case. Custody of these children was awarded to appellee. Both parties subsequently remarried, the appellee to one Frank J. Neutze. Appellant alleges that in about June, 1959, appellee requested appellant to take the custody of the two children "in order to offer them a proper home environment and a proper scholastic education." This, the appellant claims to have done, since which time the two children have resided in his home in Dallas County, Texas, and were such residents at the time of the filing of the suit on December 4, 1959. Appellant alleges that at the time of the filing of his suit, appellee

resided at 255 Savannah, San Antonio, Texas, where service of process might be had. Appellant asks the Dallas court to award him the custody of the two children.

Appellee filed her plea of privilege on January 8, 1960, with the usual allegations claiming that no exception to exclusive venue to be sued in Bexar County (the county of her residence), existed in the case.

On January 18, 1960, the appellant filed his first amended original petition, which he incorporated, by reference, in his controverting affidavit to the plea of privilege, the latter being filed the same day. In his amended petition, appellant again alleges that appellee is a resident of San Antonio, Texas. He further alleges: "That as residents of the household of Frank and Joyce Neutze the two said children were dependent and/or neglected within the meaning of V.A.T.S. articles 2330 through 2337 inclusive in that the two said children were not receiving proper parental care or guardianship for the reason, as the plaintiff is informed and believes, that the two said children were living in an upset and unstable home situation and following a very itinerant and nomadic existence to the extreme detriment of said children." He asks that the children be adjudicated "dependent children" within the meaning of Vernon's Ann.Tex.St. article 2335, and that he be awarded their custody.

On January 26, 1960, appellant filed a first amended controverting affidavit to the plea of privilege, again incorporating, by reference, the allegations of his first amended original petition. In both controverting affidavits he relies upon exception 30 to article 1995, Revised Civil Statutes, on the theory that venue and jurisdiction to hear this matter are conferred on the Juvenile Court for Dallas County by virtue of the provisions of articles 2330 through 2337, inclusive, Vernon's Ann.Revised Civil Statutes.

The venue hearing was conducted by the court without a jury on March 3, 1960, and appellee's plea of privilege was sustained.

In appellant's first assignment of error, he complains that the court erred in basing its decision exclusively on the allegations contained in plaintiff's original petition, and refusing to consider venue allegations in plaintiff's first amended original petition. As has been stated, the allegations contained in plaintiff's first amended original petition were incorporated by reference in plaintiff's controverting affidavit and his first amended controverting affidavit, which were before the court, and on which the court endorsed the hour and day for hearing the plea of privilege.

■ An examination of both the original and the first amended original petition in this cause shows that it is a suit to re-litigate the custody of minor children, whose custody had already been adjudicated at a term of court which had expired. The venue of such a suit is in the county of the residence of the defendant, under the general law of venue. Duncan v. Duncan, Tex.Civ.App., 300 S.W.2d 149; Cade v. Jones, Tex.Civ.App., 289 S.W.2d 787; Fox v. Fox, Tex.Civ.App., 281 S.W.2d 122; Ellington v. Floyd et vir., Tex.Civ.App., 255 S.W.2d 948 (citing Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 and other decisions.)

■ Thus, the nature and character of this suit became a venue fact, which was resolved by appellant's pleadings themselves, all of which pleadings alleged appellee's residence to be in San Antonio, which the court properly took judicial notice to be in Bexar County, Texas. Herbort v. Weinheimer, Tex.Civ.App., 293 S.W.2d 673; Yanta v. Davenport, Tex.Civ.App., 323 S.W.2d 636.

■ The foregoing statement of the law disposes of the appellant's second assignment, wherein appellant claims that the court erred in refusing to hear evidence relating to venue facts in support of allegations contained in either the original peti-

tion or first amended original petition. No evidence was necessary relative to venue facts, these having been established by appellant's pleadings.

The appellant urges, under his third assignment, that the court erred in refusing to hear evidence to determine whether the minor children were "dependent" within the meaning of Vernon's Ann.Texas Revised Civil Statutes, articles 2330–2337, as alleged in his first amended original petition.

Article 2330, Vernon's Ann.Revised Civil Statutes, provides:

> "The term 'dependent child' or 'neglected child' includes any child under sixteen years of age who is dependent upon the public for support or who is destitute, homeless or abandoned; or who has not proper parental care or guardianship * * *"

■■ Appellant, nowhere in his pleadings, alleges that the two children were "dependent" or "neglected" at the time he filed his suit for re-adjudication of custody on December 4, 1959. According to his original petition, the children were living with him at that time and had been since about June of 1959, having been taken by him at the request of their mother, the appellee, "in order to offer them a proper home environment and a proper scholastic education." This, appellant alleges, he did. In his first amended original petition, the appellant goes farther and states that appellee "voluntarily surrendered custody of the said two children to the plaintiff Phillip Fitzgerald, requesting that he take the care, custody, and control of the two said children in order to provide them with a proper home environment, proper parental care and guardianship, and a proper scholastic education." This, he also implies that he did; and if he did, the children were not "dependent" or "neglected" (as those terms are defined in article 2330) at the time he filed his suit, or at the time he amended his pleadings, or at any time since about June of 1959. If, as appellant claims, the children were allowed to become "dependent" or "neglected" at some time when they were residents of the household of appellee and her husband, that fact might have some probative force at a future hearing on the disposition .of their custody, but a determination of such issue on its merits was not properly before the court at the hearing on the plea of privilege. Duncan v. Duncan, supra.

Considering the plea of privilege in the instant case properly to have been sustained, the judgment of the trial court is affirmed.