Fay D. HOUSEMAN et vir, Appellants,

v.

Hilary D. MAHIN et al., and Lettie Mahin et al., Appellees.

Nos. 5710, 5739.

Court of Civil Appeals of Texas.

El Paso.

Nov. 11, 1964.

Rehearing Denied Dec. 30, 1964.

Leonard Howell, Midland, for appellants.

Stubbeman, McRae, Sealy & Laughlin, W. B. Browder, Jr., Charles Tighe, Legg, Saxe & Baskin and Reagan H. Legg, Midland, for appellees.

FRASER, Chief Justice.

Appellants, who are Fay D. Mahin Houseman and husband, Henry H. Houseman, state that this is an appeal of judgments and orders entered adversely to them in two separate causes in the 142nd Judicial District Court of Midland County, Texas, involving the change of custody of three minor children from their natural mother, Mrs. Houseman, to their paternal grandmother, Mrs. Lettie Mahin. Appellants state that the subject matter and parties are identical in both cases.

On June 24, 1963 Hilary D. Mahin and his wife, Fay D. Mahin, were divorced in the 142nd Judicial District Court of Midland County, the term of which court expired August 31, 1963. The court, in its decree of divorce, temporarily awarded the custody of the three children to appellee Mrs. Lettie Mahin until January 25, 1964, at which time appellee Hilary D. Mahin was to deliver the children to appellant Fay D. Mahin Houseman (Mrs. Mahin, subsequent to the divorce, married Mr. Houseman). On January 15, 1964, ten days before the temporary custody provision was to expire, appellee Hilary D. Mahin filed, in the divorce suit numbered 18,962, a motion asking the court to modify and change the provisions which it had made with reference to the custody of the three children. The trial court set a hearing on such motion for January 23, 1964. On this same date, January 15, 1964, appellee Hilary D. Mahin filed a new suit, or cause of action, numbered 19,987, also in the 142nd District Court of Midland County, naming his mother, Mrs. Lettie Mahin, as co-defendant with the natural mother, Mrs. Fay D. Mahin Houseman, and her husband, Henry H. Houseman. In this cause of action Mr. Mahin alleges that Mrs. Lettie Mahin is a resident of Midland County, Texas, and that the natural mother is a resident of Dallas County, Texas, and asked for judgment changing or modifying the former judgment relative to the custody of the children. The natural mother filed her plea of privilege in the original divorce case, delivering a copy of same to the attorney for appellee, along with a letter demanding that the children be turned over to her on January 25th in accordance with the original divorce judgment. On January 23, 1964, in the original divorce case, No. 18,962, the trial court signed what appellants designate as a "stay order", continuing the custody of the three children in appellee, Mrs. Lettie Mahin, pending further order of the court. On February 4, 1964 appellee Hilary D. Mahin filed a controverting plea to appellants' plea of privilege in the original divorce case, and on February 10, 1964 appellants filed a motion for severance of the change of custody issue from all other matters contained in the motion filed by appellee. On February 19th, Hilary D. Mahin filed his amended original petition in the second case, No. 19,987, and obtained, on the basis of this petition, a temporary restraining order restraining appellants from attempting to obtain custody of said minor children, and commanding appellants to appear before the court on February 26, 1964 to determine why such order should not remain in force until final hearing. On February 21, 1964 appellants filed their plea of privilege to this second suit, and delivered a copy to the attorney for Mr. Mahin. Appellee Mahin filed his controverting plea thereto on March 2, 1964, and appellee Mr. Mahin, in opposition to the plea of privilege, alleged

and maintained that on January 15th, when the second suit was filed, appellee Mrs. Lettie Mahin was a resident of Midland County, Texas and was the legal custodian of the children at that time, which was ten days before the original order issued in the divorce suit was to expire. Mrs. Lettie Mahin filed, apparently without objection of record, pleas of intervention in both suits. Appellee Mrs. Lettie Mahin also filed her answer in the second suit, copies of which, according to the transcript, were dispatched to the other attorneys involved, on February 27, 1964. In this answer Mrs. Lettie Mahin alleges that both the natural mother and father are unfit to have the care and custody of the three children, and states that the children are doing well under her supervision and custody in Midland County. In the petition of appellee Hilary D. Mahin, he alleges that Mrs. Fay D. Mahin Houseman's new husband has at least three children by two prior wives and, at the time of filing of the petition, was approximately $6,000.00 in arrears in payments of child support for his children. The trial court, after considerable discussion between the parties, attorneys and the court did, according to appellants' brief, on March 2, 1964 proceed to hear the matters in both cases and overruled the appellants' pleas of privilege in both cases; then proceeded to hear the new suit, No. 19,987, on its merits and entered a judgment, dated March 25, 1964. This judgment recites that the plea of privilege of Fay D. Mahin Houseman and her husband is overruled. The judgment then states that " * * * by agreement of all parties herein" the court proceeded to hear all matters relative to the main issue involving the custody and temporary custody of the minor children, and having heard such decreed in said judgment that the custody of the three children be continued in Mrs. Lettie Mahin, the grandmother, until September 1, 1964 or until further order of the court. The judgment further granted all parties the right to present any further evidence during the month of August, 1964.

In a judgment dated the 2nd day of September, 1964, the court entered its last judgment, reciting that no one had submitted additional evidence during the month of August, 1964, and granted permanent custody to Mrs. Lettie Mahin, the grandmother, in cause No. 19,987.

It is apparent from the record before us that appellants appeal from the ruling of the court with reference to the plea of privilege, maintaining and insisting that the court should have transferred the case to Dallas, the residence of the defendant Mrs. Fay Mahin Houseman.

Appellants bring up five points, which charge that the trial court erred in failing to sustain the pleas of privilege of appellants; in entering the stay order of January 23, 1964 and entering the temporary restraining order of February 19, 1964 enjoining appellants from attempting to obtain care, custody and control of the children; in hearing the change of custody suit on its merits and entering judgment adverse to appellants concerning the custody of the minor children; in failing to consolidate the judgments in causes 18,-962 and 19,987.

Before we begin the discussion of the legal aspects of this case, it must be pointed out that the appeal here appears to be based on the actions of the court in the second lawsuit—to-wit, No. 19,987—although appellants say they are appealing, too, from an attempt to change the provisions of the original divorce suit. In any event the entire controversy involves, and required the court to consider, whether there existed a change of conditions justifying and requiring a new and different disposition of the custody and care of these children, who ranged in age from two and one-half to nine years of age. The record does not contain any statement of facts as to the evidence the court heard regarding the change of conditions; but is confined to matters dealing with the pleas of privilege. Therefore we will consider, and are

able to consider, only the matters before us, which are confined pretty much to the pleas of privilege. We cannot, and do not feel called on, to consider the court's action in making the custodial change, as we do not have any evidence before us indicating that the court made anything but the right decision. In the absence of evidence usually found in the Statement of Facts, it is elementary that the action of the trial court is considered to be justified and sustained by the evidence and matters before him, and they are considered to have been favorable to, and in support of, his judgment.

■ Therefore, we pass now to the plea of privilege in the second case. We believe that the action of the trial court with regard to this matter was correct. In Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, the Supreme Court discusses this matter, and it is apparent from that case and subsequent cases which we will discuss in this opinion that the action for change or modification of custody of children is a new and independent suit. There are a number of cases holding that the venue of an action asking for a change of custody of minor children should be fixed in the county where either the children or their legal custodian resides. Many of these cases, hereinafter cited, mention Lakey v. McCarroll. In Adams v. Messer, 335 S.W. 2d 676, Tex.Civ.App. (dismissed), the court said that the suit setting up the changed conditions with respect to the children is a new suit and would have to be brought in the county in which the children reside (citing the Lakey case and Poindexter et al. v. O'Neill et vir, 313 S.W.2d 158, Tex. Civ.App.). The court further emphasizes that both the children and their custodian resided in Ector County and that, therefore, Ector County was the county of proper venue. To the same effect is Ardrey v. Ruth, 189 S.W.2d 15 (Civ.App., n. w. h.), wherein the court points out and states as follows: "Venue of suits for readjudication or involving custody of minors, is definitely fixed in the county of the residence of the minor, or custodian of the minor to whom custody has been awarded by a court of competent jurisdiction" (citing Lakey v. McCarroll). Also, in Leonard v. Leonard, 358 S.W.2d 721, Tex. Civ.App.,´which case is relied on by both parties as is the Lakey case, the court states: "However, it is equally well settled that venue in actions for change of custody of minors lies in the county of the residence of the person having legal custody" (citing Lakey v. McCarroll). Then, in Wilson et al v. Wilson et al., 137 Tex. 528, 155 S.W. 2d 601 (Comm.App.1941), which decision was adopted by the Supreme Court, we find the following: "Shortly after the present case was decided by the Court of Civil Appeals, the precise question here presented was decided by the Supreme Court in the case of Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1021. It is there held that Article 4639a did not have the effect of changing the rule theretofore existing, to-wit, that the proper venue for an action involving the custody of a minor was the residence of the custodian of such minor."

■ It is here contended that the paternal grandmother, Mrs. Lettie Mahin, was not a legal and proper person, or legitimate resident of Midland County at the time of these hearings. The record reveals that she had been a resident of Oklahoma; but, by her own testimony, had moved to Midland a little while before these hearings. In her words, she had lived in Midland since the Christmas holidays (1963). She also stated that she had leased out her property in Oklahoma and now lived in Midland County and had a bank account in the City of Midland, and she stated as follows: "My home is in Midland at this time." She also stated that it has been her intention to make her home in Midland and that she intervened voluntarily in both cases; that the two older children are in school in Midland; and she again stated that she intends to continue to make Midland her place of residence. We believe this record justified the court in finding that on January 15, 1964 Mrs. Lettie Mahin was the legal custodian of

the children and, at that time, was a legal resident of Midland County, Texas. In his judgment of March 2, 1964, entered March 25, 1964, the court officially finds that Mrs. Lettie Mahin, at that time, was still the legal custodian of the minor children and that she was a legal resident of Midland County, Texas. On the basis of the record we believe that the court, as stated above, was fully justified in making these findings. Having made them, the cases cited above, we believe, provide the legal disposition of the matter, and requires us to affirm the decision of the trial court. We should like to point out one further fact; that is, that there is a tendency in some courts (as illustrated in the case of Fowler v. Fowler, 292 S.W.2d 800, Tex.Civ.App., n. w. h.) to describe the status of either parent as that of a custodian, rather than a parent. We believe this theory extends, of course, to the designation of any legal custodian, whether immediate parent or not. Also, with reference to the residence of Mrs. Lettie Mahin, we should like to mention two cases found in her brief. In Spencer v. Spencer, 371 S.W.2d 898, Tex.Civ.App., the mother had, by the court, been given custody of the children in the divorce suit. While she was in a hospital suffering from a nervous breakdown, her father delivered the children to their natural father. When the natural mother left the hospital she filed an action asking the court to return the children to her. The court held that even though the father in this case did not have "legal" custody of the children, he had their actual custody and that he was entitled to be sued in the county of his residence. By the court's language wherein it states that the mother's father delivered the children to their natural father, it can be assumed that they resided with the natural father in the county of his residence. As shown, this case reflects no writ history. Lastly, our Supreme Court held, in the case of Mills v. Bartlett, 377 S.W.2d 636 (S.Ct., 1964), that neither bodily presence alone, nor intention alone, suffice to create

residence, but when the two coincide residence is fixed and determined. The court says: "There is no specific length of time for the bodily presence to continue".

Appellees also base their support of the trial court's judgment on subdivision 4 of Article 1995, Vernon's Ann.Civ.St., which holds that suit may be brought in any county where one of the defendants reside. Again our Supreme Court states very clearly the applicable law (in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300), holding that it must be proven by affirmative evidence that one of the defendants resides in the county where it is attempted to maintain venue. Our Supreme Court, in a very scholarly discussion, holds that the petition must allege a definite or legitimate cause of action against a proper defendant in order to maintain venue in the county where the matter is filed. Without going further into the able discussion of this matter by our Supreme Count, we feel that appellee Hilary Mahin has complied with the provisions of subdivision 4 as interpreted by our Supreme Court, in that his petition contains the necessary allegations, and his evidence the necessary proof. We therefore hold that, under subdivision 4, Mrs. Lettie Mahin was a proper and necessary defendant who, at the time of this suit, No. 19,987, was the legal and actual custodian of the children and a legal resident of Midland County.

We should like, also, to point out that, as in all cases involving the care and custody of children, the trial court has considerable latitude in all of its rulings, and is empowered and even required to exercise considerable discretion.

As stated above we do not pass on, other than to overrule, appellants' points with regard to the court's action in changing his original judgment so that custody did not and would not vest in the natural mother on January 25, 1964, but would be continued and made permanent in Mrs. Lettie Mahin, the paternal grandmother (which is appel-

lants' fourth point), because there was no evidence presented and nothing to suggest that the trial court was in any way in error.

▊▊▊▊▊ Appellants, in their third point, also charge error in the court's action in entering its temporary restraining order of February 19, 1964, enjoining appellants from attempting to obtain care, custody and control of the minor children; and in their second point they also charge that the court committed error in entering its stay order of January 23, 1964, continuing the custody in Mrs. Lettie Mahin until further order of the court. We overrule these two points because we do not find error, and again point out that the trial court, in matters involving minor children, has great discretionary power to enter orders which, in his opinion, are necessary not only for the well-being of the children, but to enable a proper disposition of their custody to be made by such court. We think the trial court, therefore, was within his power and rights in issuing these two orders.

▊▊▊▊▊ Appellants' fifth point charges error in the court's failure to consolidate the judgments in the two cases, to-wit, the original divorce case and the second, independent action, numbered 19,987. We do not find any merit in this point, either, as it appears to us from this record that the second case was a new and independent action alleging changed conditions and asking for change of the custodial ruling entered in the original divorce case. This is the case the court heard, and is the case wherein the court overruled the plea of privilege here appealed from. We have a transcript in both cases, and pleadings in both cases, but it is our feeling and holding that the decision of the trial court and the disposition of this matter is entirely confined to the second case, the first case having been decided and concluded with the exception of the custody of the minor children which, of course, is always a matter that may be inquired into.

On the basis of the authorities cited and discussed above, we hold that Mrs. Lettie Mahin was the legal custodian of the three minor children herein involved at the time of this lawsuit, and at such time, and all times subsequent thereto, was a legal resident of Midland County. Such being the case, venue was properly laid in Midland County and the court acted correctly in overruling the plea of privilege filed by Mrs. Fay D. Mahin Houseman, the natural mother of the children, who was a resident of Dallas, Texas.

Appellants' points are all, therefore, overruled, and the action of the trial court is in all things affirmed.

PRESLAR, Justice (dissenting).

I respectfully dissent. It is my opinion that the appellants' plea of privilege should have been sustained.

We are concerned only with cause No. 19,987 for the reason that a suit seeking to re-litigate the custody of children based on changed conditions is a new and independent cause of action from the original suit for divorce. Also, the controverting affidavit filed in the original suit, cause No. 18,962, was not filed within the time limit permitted by the Rules of Civil Procedure, and there being no pleading and proof of good cause for such late filing, the court had no choice but to sustain the plea of privilege. Southern Insurance Company v. Rogers, Tex.Civ. App., 342 S.W.2d 135.

This being a suit to re-litigate the custody of minor children, whose custody had already been adjudicated at a term of court which had expired, the venue is controlled by the general law of venue. Duncan v. Duncan, Tex.Civ.App., 300 S.W.2d 149; Cade v. Jones, Tex.Civ.App., 289 S.W.2d 787; Fox v. Fox, Tex.Civ.App., 281 S.W. 2d 122; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Fitzgerald v. Neutze, Tex.Civ.App., 348 S.W.2d 677 (El Paso, 1961). Venue in such cases lies in the county of the residence of the person having legal custody. Lakey v. McCarroll (supra); Ellington v. Floyd, Tex.Civ.App., 255

S.W.2d 948; Taylor v. Taylor, Tex.Civ. App., 348 S.W.2d 226; Leonard v. Leonard, Tex.Civ.App., 358 S.W.2d 721. As I understand the majority opinion, it is based on custody being in the grandmother at the time of institution of suit. Or, that she being a party defendant and a resident of the county of suit, then venue is proper as to the other defendant-appellant under exception 4 of Article 1995. As to the first proposition, it is to be noted that there existed a valid and final judgment placing permanent custody in appellant, such custody to begin on January 25th. Custody was to be in the grandmother until that date. The father filed this suit on January 15th, and in February he filed his amended petition which was the basis of his controverting affidavit. It is my position that, at the time of the filing of this amended petition and at the time of the hearing thereon, custody was, by the final judgment, in appellant. Venue is determined by the facts as they exist at the time the plea is heard, Phipps v. Reed, Tex.Civ.App., 219 S.W.2d 561; Midlothian Oil & Gin Co. v. Commercial Standard Ins. Co., Tex.Civ.App., 120 S.W.2d 518 (El Paso, 1938); Avery v. Llano Cotton Seed Oil Mill Ass'n., Tex.Civ.App., 196 S.W. 351 (err. ref.). The venue question at the time of hearing was simply: Who had legal custody? To me, the answer is "appellant", by virtue of the final judgment. That venue fact could not have been changed by any temporary stay order of the court entered in the dormant original suit for divorce, nor in this suit.

As to the second proposition, it appears to me to be a legal fiction to permit the father to maintain venue against the mother by making the grandmother a party defendant in a suit filed ten days before the grandmother's custody expired by the terms of the final judgment. An essential venue fact under exception 4 of Article 1995 is that plaintiff has a bona fide claim against the resident defendant. In the case before us the plaintiff-father alleged no cause of action against the resident defendant-grandmother in the first place; and, in the second place, I fail to see how he could have had a bona fide cause of action against her, for such custody as she had would have expired within ten days of the filing of his suit. He could not expect to have her and the other defendant (the mother) in court for twenty days. Also, the nature of his suit was for change of the permanent custody portion of the judgment, and sought no action for the ten-day period in which the resident grandmother had custody.

For the reasons stated, I would sustain the appellants' plea of privilege.