Fay D. HOUSEMAN and Husband,
Petitioners,

v.

Hilary D. MAHIN and Lettie Mahin,
Respondents.

No. A–10581.

Supreme Court of Texas.

May 19, 1965.

Leonard Howell, Midland, for petitioners.

Stubbeman, McRae, Sealy & Laughlin, Charles Tighe and John Harrell Feldt, Midland, Legg, Saxe & Baskin, Midland, for respondents.

NORVELL, Justice.

This is a plea of privilege case over which we have jurisdiction because a dissenting opinion was filed in the Court of Civil Appeals. Articles 1728 and 1821, Vernon's Ann.Tex.Stats. The trial court overruled the pleas of privilege of Fay D. Houseman to be sued in Dallas County where she resides. The Court of Civil Appeals affirmed, 385 S.W.2d 437. Being in general agreement with the dissenting justice, we reverse the judgments of the courts below and sustain the pleas of privilege of Fay D. Houseman.

The question involved in this litigation relates to the custodial rights in and to the three minor children of the respondent, Hilary D. Mahin and his former wife, the petitioner, Fay D. Houseman. As disclosed by the opinion of the Court of Civil Appeals, the litigants and their attorneys managed to whip up a first-class procedural snarl. Two causes are involved and the pleas of privilege in both of them were disposed of by the Court of Civil Appeals in one order after the appeals had been consolidated in that Court. Cause No. 18,962 on the docket of the 142nd District Court terminated in a decree of divorce between Hilary D. Mahin and Fay D. Mahin (now Houseman). The second cause was instituted by Hilary D. Mahin to secure a change in the decree entered in Cause No. 18,962 insofar as it related to the custody of the three minor children. This case was docketed under No. 19,987. By separate orders, the trial court overruled the pleas of privilege filed in both Causes Nos. 18,962 and 19,987.

We shall state such facts and circumstances as are deemed essential to an understanding of our order of reversal.

On June 24, 1963 Hilary D. Mahin and his wife, Fay D. Mahin, (now Houseman) were divorced by decree entered in Cause No. 18,962, above mentioned. This decree became final thirty days after date of rendition, i. e., on July 24, 1963, under the provisions of Rule 329–b, § 5, Texas Rules of Civil Procedure. An agreement of the parties as to the care, custody and control of the minor children was approved by the Court and in effect made part of the decree. It was provided that Mrs. Lettie Mahin (a respondent here), the mother of Hilary D. Mahin, should have "temporary care, custody and control of the minor children of the parties until January 25, 1964, and on and after said date, Plaintiff, Mrs. (Fay) Mahin, shall have the sole care, custody and control of the minor children of the parties."

On January 15, 1964 Hilary D. Mahin filed a so-called motion in the divorce suit (Cause No. 18,962) above mentioned, which was in effect an institution of a new suit insofar as Mahin sought a change in the child custody order therefore entered based upon an alleged change of conditions. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940).

In reply to this motion or petition, the petitioner, Fay D. Houseman, formerly Fay D. Mahin, filed a timely plea asserting her privilege to be sued in Dallas County where she then resided. This plea was filed on January 23, 1964 and on the same day notice thereof was served upon the attorney for Hilary D. Mahin. Also, on said date, the trial court entered a so-called "stay order" which provided that the prior order of the court rendered on June 24, 1963, directing that the children be turned over to the petitioner on January 25, 1964, be stayed and that the custody of said children remain in Mrs. Lettie Mahin until further order of the court.

Also, on January 15, 1964, Hilary D. Mahin filed suit in Cause No. 19,987 in which he named both Fay D. Mahin (Houseman) and Lettie Mahin (his mother) as defendants. He prayed that he be given full care, custody and control of the minor children involved. On February 19, 1964, Hilary D. Mahin filed an amended petition and secured a temporary order restraining Fay D. Houseman from attempting to obtain care, custody and control of the minor children pending a hearing upon an application for temporary injunction. This order refers to

the "stay order" entered in Cause No. 18,-962 and is in terms similar thereto. No citation had been issued upon the filing of the original petition. After the amended pleading was filed, citation was issued and service obtained upon Fay D. Houseman. She answered with a timely plea of privilege to be sued in Dallas County.

■ In Cause No. 18,962, no affidavit contradicting the plea of privilege was filed within the time prescribed by Rule 86.[1] The affidavit which was belatedly filed was insufficient as a matter of law in that it broadly asserts a claim of continuing jurisdiction on the part of the 142nd District Court contrary to this Court's holding in Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940). The respondent Hilary D. Mahin seemingly places little or no reliance upon the trial court's order entered in Cause No. 18,962. However, he did file a timely controverting affidavit in Cause No. 19,987. As above pointed out, Lettie Mahin was named as a party in this suit and Hilary D. Mahin takes the position that his mother is a "resident defendant," i. e., that she had resided in Midland County, Texas from and after the Christmas holidays of 1963 when she moved from her former home in Osage County, Oklahoma.[2]

■■ Exceptions Nos. 2, 3, 4 and 29a of Article 1995, Vernon's Ann.Tex.Stats., are specifically mentioned in the controverting affidavit. It was not shown that Fay D. Houseman was a transient person, nor that her residence was unknown. Exceptions Nos. 2 and 3 have no application here. Neither has Exception No. 29a which "applies *only* when none of the defendants reside in the county of suit." McDonald's Texas Civil Practice, § 4.10.

■ The claim to venue under Exception 4 of Article 1995 likewise fails. It seems to be the theory of Hilary D. Mahin that as his mother, Lettie Mahin, a resident of Midland, Texas, is presently asserting some custodial rights over the children, he can join Fay D. Houseman with his mother in a suit in Midland County and thus empower the Midland County District Court to readjudicate and redetermine the custodial provisions of the divorce decree entered on June 23, 1963 in Cause No. 18,962, despite Mrs. Houseman's insistance that a Dallas County District Court is the proper forum to determine such matters in view of her assertion of her venue privilege. This position is not tenable. The only custodial right which Lettie Mahin had with reference to the children from and after January 25, 1964 depends upon the "stay order" issued in Cause No. 18,962 and the temporary restraining order issued in Cause No. 19,-987. Whether these orders may be justified as temporary expedients, we need not determine. It is certain that such orders secured upon motion of Hilary D. Mahin attempt to modify the original decree entered in Cause No. 18,962. It is well settled that the venue of a suit to modify a decree relating to the custody of children lies in the county of the residence of the legal custodian. Under the terms of the original decree, the legal custodian of the children from and after January 25, 1964 was Fay D. Houseman and her right to be sued in the county of her residence in any suit seeking a redetermination of her custodial rights to her children seems clear enough. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940); Leonard v. Leonard, 358 S.W.2d 721 (Tex. Civ.App.1962, no wr. hist.); Taylor v. Taylor, 348 S.W.2d 226 (Tex.Civ.App.1961, no wr. hist.); Ellington v. Floyd, 255 S.W.2d

1. As to the failure to timely controvert a plea of privilege see, Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154 (1936); John E. Quarles Co. v. Lee, 58 S.W.2d 77 (Tex. Comm'n App.1933, holding approved by the Supreme Court); Bell v. Jasper Lumber Corporation, 287 S.W.2d 746 (Tex. Civ.App.1956, wr. dis.); Smith v. Isaac,

326 S.W.2d 922 (Tex.Civ.App.1959, no wr. hist.).

2. The petitioner attacks the bona fides of Lettie Mahin's claim to a Texas residence, but we need not determine that issue to dispose of the case.

948 (Tex.Civ.App.1953, no wr. hist.). Such right quite obviously cannot be defeated by the entry of ex parte stay orders. Venue cannot be supplied by bootstrap operations.

 In attempting to fit this case into Exception 4 of Article 1995, numerous anomalies are encountered. It is essential that a cause of action against the resident defendant (Lettie Mahin) be both pleaded and proved. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936). If there be a possible complaint that Hilary D. Mahin has against his mother, it is that she has present custody of the children and he does not. Yet, such tenuous rights as Lettie Mahin may have in and to the children were secured at the instigation of Hilary D. Mahin, who applied for the stay and restraining orders heretofore mentioned. His claim to modification of the decree of July 24, 1963 must necessarily be based upon a change of conditions which has taken place since that date. All allegations relating to such change of conditions have reference to the circumstances of Fay D. Houseman; none relate to Lettie Mahin. No cause of action against the resident defendant has been pleaded or proved. In essence this is a lawsuit between Hilary D. Mahin and Fay D. Houseman and its proper venue is Dallas County.

The judgments of the courts below are reversed. It is our duty to render such judgment as the trial court should have rendered. Accordingly, we sustain the pleas of privilege filed by Fay D. Houseman in Causes Nos. 18,962 and 19,987. As above pointed out, the filing of the motion by Hilary D. Mahin in Cause No. 18,-962 on January 15, 1964 had the legal effect of instituting a new suit insofar as it related to the custody of the minor children of the parties. The cause of action in said new suit relating to the custody of the minor children of Hilary D. Mahin and Fay D. Houseman is severed from the other issues in Cause No. 18,962 (relating to the amount of support payments)

and is consolidated with Cause No. 19,987 involving the same subject matter. Said consolidated Cause No. 19,987 is transferred to the District Court of Dallas County, 101st Judicial District. The District Clerk of Midland County is directed to make up a transcript of all orders entered in said causes and proceed in accordance with the provisions of Rule 89, Texas Rules of Civil Procedure.

Reversed and rendered.