Gary Lee **RUCKER**, Appellant,

v.

Mary Ann **RUCKER**, Appellee.

No. 6017.

Court of Civil Appeals of Texas.

El Paso.

April 16, 1969.

**318**

John Whitaker, El Paso, for appellant.

Ray Gene Smith, Wichita Falls, Paxson & Santiesteban, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is a venue case arising out of a suit brought by appellant as plaintiff, seeking to change the custody of the children of the prior marriage of the parties. The trial court sustained the plea of privilege of the defendant to be sued in the county of her residence, Archer County, Texas. We affirm that judgment.

Plaintiff's petition alleged that by final judgment dated the 27th day of November, 1967, custody of the children was granted to the defendant, Mary Ann Rucker, in the District Court of Archer County, but that on the 27th day of January, 1968, defendant granted temporary custody of the children to plaintiff until such time as she could care for them. He then alleged changed conditions since the divorce judgment, and that the children were residing with him in El Paso County, so that venue was in El Paso County where this suit was brought.

This being a suit to re-litigate the custody of minor children, whose custody had already been adjudicated by a judgment which had become final, the venue is controlled by the general law of Venue. Duncan v. Duncan, 300 S.W.2d 149 (Tex.Civ.App.); Cade v. Jones, 289 S.W.2d 787 (Tex.Civ.App.); Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016. Venue in such cases lies in the county of residence of the person having legal custody. Lakey v. McCarroll (supra); Houseman v. Mahin, 390 S.W.2d 732 (Tex.Sup.1965). It is not controverted that the residence of the defendant is Archer County, Texas. By the final judgment of divorce, rendered by the District Court of Archer County, she had legal custody. Upon the filing of her plea of privilege, she became entitled to have the case transferred to the county of her residence, and the burden then shifted to the plaintiff to controvert such plea by pleading and proof of an exception to the venue statute, Article 1995, Vernon's Ann. Civ.St. Lufkin Nursing Home, Inc. v. Colonial Invest. Corp., 425 S.W.2d 439 (Tex.Civ.App., err. dism.); Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (Tex. Comm.App., 1935 opinion adopted). The record before us does not show that the plaintiff met that burden. He alleged an agreement as to temporary custody subsequent to the divorce judgment, but there was no evidence before the trial court of such an agreement.

The judgment of the trial court is affirmed.