**Donald Lee WELTY, Appellant,**

v.

**Margaret Lee WELTY, Appellee.**

**No. 8367.**

Court of Civil Appeals of Texas,
Amarillo.

June 4, 1973.

Day, Owen & Lyle, Paul Lyle, Plainview, for appellant.

George W. Miller, Floydada, Andrew J. Shuval, Hereford, for appellee.

ELLIS, Chief Justice.

This is an appeal from an order sustaining the defendant's plea of privilege to be sued in the county of her residence in a proceeding brought by her former husband involving the custody and status of their minor children whose custody had been awarded to the defendant in a prior adjudication. Affirmed.

On May 18, 1972, Donald Lee Welty, plaintiff-appellant, filed a sworn petition in the district court of Deaf Smith County, Texas against his former wife, Margaret Lee Welty, defendant-appellee, in a proceeding entitled "APPLICATION FOR CUSTODY," wherein the plaintiff sought an ex parte order of the court awarding him the temporary care and custody of their two minor children, Tammy Lee Welty, age seven, and Cynthia Marie Welty, age five. The "APPLICATION FOR CUSTODY" sets out that on June 18, 1971, the district court of Deaf Smith County, Texas, entered a judgment divorcing the parties and awarding the custody of the minor children to the defendant, Margaret Lee Welty, and requiring the plaintiff to pay child support. The application further recites that on January 26, 1972, the defendant-mother called the plaintiff-father in Hereford, Texas, from Floydada, Texas, and requested him to come and get the children. On January 27, 1972, the plaintiff drove to Floydada in order to pick up the children and take them back to Hereford with him. The two children have resided with the plaintiff since that time and were residing with him when he filed his application for custody in Deaf Smith County on May 18, 1972. On this same day the trial court issued an order granting to the plaintiff temporary custody of the children pending a final hearing which was set for October 20, 1972. The defendant was served on September 20, 1972, with citation along with a copy of the temporary custody order and the plaintiff's petition. The defendant then filed her plea of privilege contending that she was entitled to be sued in Floyd County, Texas, the county of her residence. She also filed an exception and general denial "(s)ubject to her foregoing Plea of Privilege insisting always upon same and her right to have this case transferred and answering only in the event her said Plea of Privilege is overruled. . . ."

The plaintiff then filed his controverting plea to the defendant's plea of privilege, contending therein that venue in the case is controlled by Subdivision 30 of Article 1995, Vernon's Annotated Civil Statutes, and "that the venue of this matter is jurisdictional under Article 2331, V.A.T.S."; and that the residence of the two minor children was in Deaf Smith County at the time the suit was instituted. The defendant then filed her amended answer and also her counterclaim, subject to her plea of privilege, and effective only in the event her plea of privilege was overruled. The plaintiff thereafter amended his original petition to include specific allegations to the effect that the two children were dependent and neglected because of certain acts which the defendant allowed to be committed prior to the plaintiff's institution of this suit. He then amended his controverting plea to the defendant's plea of privilege and incorporated therein his amended petition and again insisted that

venue and jurisdiction of the cause was in Deaf Smith County by reason of Art. 2331 and Subdivision 30 of Art. 1995.

In defining the terms "dependent" and "neglected" child or children, Article 2330, Vernon's Annotated Civil Statutes provides:

"The term 'dependent child' or 'neglected child' includes any child under 18 years of age who is dependent upon the public for support or who is destitute, homeless or abandoned; or who has not proper parental care or guardianship, . . ."

Article 2331, V.A.C.S. provides that any person who is a resident of a county, having knowledge of a child in his county who appears to be a dependent and neglected child may file with the District Clerk of his county a written petition, setting forth the facts constituting the child "dependent" or "neglected," and Article 2332 provides that upon the filing of such petition, the judge of said court shall fix the time and place for the hearing of such petition.

Subsection 30 of Article 1995, V.A.C.S. provides:

". . . Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

The appellant contends in his first point of error that this cause of action is a dependent and neglected child proceeding and thus venue is conferred upon the district court of the county in which the children reside by virtue of art. 1995, Subdivision 30 and art. 2331. In his second point of error, he asserted that the plea of privilege was erroneously sustained because it resulted in the transfer of counterclaims over which the court had no jurisdiction to another county, because citation on such counterclaims had not been served on the appellant.

■ As shown by the record, the plaintiff filed his original petition, an application for custody, and the defendant filed a plea of privilege pursuant to the provisions of Rule 86, Texas Rules of Civil Procedure. Plaintiff, in his controverting affidavit, alleged the applicability of Subdivision 30 of art. 1995, contending that venue is jurisdictional under art. 2331 which concerns a dependent and neglected child proceeding. Thus, the fundamental question is whether this is a dependent and neglected child proceeding or a suit to re-litigate the custody of minor children.

Regarding the nature of the suit as related to the venue question, the basic considerations are set out in 1 R. McDonald, Venue, § 4.55(a) (Rev.Ed.1965) as follows:

"When the nature of the suit is a venue fact, the petition is the best and sufficient evidence of the 'principal right asserted and the relief sought for the breach thereof.' . . . The nature of the suit is determined by considering the petition as a whole, and depends upon the principal right asserted and the relief sought thereon, though the action also may involve subordinate claims. The court examines 'the allegations of the petition . . . to determine the cause of action made out irrespective of the form' adopted by the plaintiff in framing his allegations. The prayer is not determinative, for the cause of action depends upon the facts stated in the petition."

■ A fact situation similar to that involved in this case has been adjudicated in Fitzgerald v. Neutze, 348 S.W.2d 677 (Tex.Civ.App.—El Paso 1961, no writ). There, as here, the determination of the venue question was dependent upon whether the plaintiff had instituted a suit to re-litigate the custody of minor children or a dependent and neglected child action. In *Fitzgerald*, the divorced husband first sought an award of custody of the two children of the previous marriage by filing

a petition in Dallas County when the children were living with him. The mother had been awarded custody by the divorce decree and her residence was in Bexar County. The mother filed her plea of privilege and the father filed his controverting plea and also an amended petition alleging that the children were dependent and neglected. The court concluded that it was a suit to re-litigate the custody of the two minor children, and not a "dependent" or "neglected" child proceeding. From an examination of the original petition and the amended petition in the instant case, it is evident that this is a suit to re-litigate the custody of the two minor children. Such suits are governed by the general venue statute and venue in these cases lies in the county of residence of the defendant. Branham v. Anderson, 450 S.W.2d 370 (Tex.Civ.App.—San Antonio 1970, writ dism'd); Duncan v. Duncan, 300 S.W.2d 149 (Tex.Civ.App.—Austin 1957, writ dism'd).

The plaintiff claims that the children became dependent or neglected during the time they resided with defendant, yet, at the time he filed his original application for custody on May 18, 1972, the two minor children were in his custody and had been since January 27, 1972. The children were still residing with him under an order for temporary custody when he amended his original petition to include allegations that the two minor children were dependent or neglected. In the original petition, entitled "APPLICATION FOR CUSTODY," he sought not only custody of the children, but also that he be excused from child support payments. It contained no allegations that the two minor children were dependent or neglected. The amended petition, although alleging a dependent or neglected status of the children, made reference to an alleged situation existing while they were in the custody of the defendant. As stated in Fitzgerald v. Neutze, supra, "If, as appellant claims, the children were allowed to become 'dependent' or 'neglected' at some time when they were residents of the household of appellee

. . . , the fact might have some probative force at a future hearing on the disposition of their custody, but a determination of such issue on its merits was not properly before the court on the plea of privilege. Duncan v. Duncan, supra." We consider that the above quoted statement is quite applicable to the factual situation here.

Plaintiff claims in his second point of error that he had not been served with citation on the counterclaims and, accordingly, the trial court had no jurisdiction to transfer the counterclaims. However, this was not a determination of such questions on their merits, but the matters properly before the court were concerned with venue. The defendant's answer and counterclaim were filed conditionally and subject to the court's action on the plea of privilege, Galloway v. Nichols, 269 S.W.2d 850 (Tex.Civ.App.—Dallas 1954, no writ). For the reasons above stated, we find no merit in appellant's second point of error.

In view of the status of the pleadings and the matters considered before the court, it is our opinion that the trial court properly sustained the defendant's plea of privilege. Accordingly, the judgment of the trial court is affirmed.